75 P.3d 1209

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mario ROMERO–GARCIA, Defendant–Appellant.**

**No. 28103.**

Court of Appeals of Idaho.

May 29, 2003.

Review Denied Sept. 15, 2003.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Mario Romero–Garcia appeals from the judgments of conviction entered by the district court after a jury found him guilty of one count each of aiding and abetting trafficking in cocaine and aiding and abetting the failure to affix illegal drug tax stamps. We affirm.

## I.

### FACTS AND PROCEDURE

On December 14, 2000, law enforcement officers met with a confidential informant (CI), who had arranged for a controlled cocaine purchase through Romero–Garcia. Pursuant to previous arrangements, officers followed the CI's vehicle to Hailey where the

CI picked up Romero–Garcia at his residence. The CI and Romero–Garcia then drove to the parking lot of an apartment in Ketchum. While under law enforcement surveillance, Romero–Garcia exited the vehicle, walked to an apartment, and returned to the vehicle with another individual. The individual, a high-level drug dealer, agreed to sell the CI an ounce of cocaine, and walked back to the apartment to obtain the drugs. The drug dealer returned and gave the ounce of cocaine to the CI in exchange for $800. For his part in the transaction, Romero–Garcia was paid $200 and was returned to his residence. Ultimately, Romero–Garcia and the drug dealer were tried together on numerous drug-related offenses. The drug dealer was found guilty by a jury of trafficking in cocaine by knowingly and unlawfully delivering 28 grams or more to another person. The drug dealer was also found guilty of failing to affix illegal drug tax stamps to the cocaine he sold. As to both of these offenses, Romero–Garcia was charged with and found guilty of aiding and abetting trafficking in cocaine, I.C. §§ 37–2732B(a)(2)(A), 37–2732B(c), 18–204, and aiding and abetting the failure to affix drug tax stamps, I.C. §§ 63–4205(1), 63–4207(2), 18–204.

On appeal, Romero–Garcia argues that the state committed prosecutorial misconduct in closing argument, requiring reversal of his judgments of conviction on both charges. Romero–Garcia also argues that the evidence was insufficient to support the verdict for aiding and abetting the failure to affix illegal drug tax stamps and that the district court improperly instructed the jury on that charge.

## II.

## ANALYSIS

### A. Prosecutorial Misconduct

 We first address Romero–Garcia's claim that the state engaged in prosecutorial misconduct during closing argument. Romero–Garcia asserts that the prosecutor improperly commented upon Romero–Garcia's exercise of the right to not present evidence. Romero–Garcia further claims that the prosecutor appealed to the racial or ethnic preju-

dice of the jury. Romero–Garcia argues that this improper conduct deprived him of a fair trial.

 Ordinarily, this Court will not address an issue not preserved for appeal by an objection in the trial court. *State v. Rozajewski*, 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct.App.1997). However, where, as here, an alleged error is claimed to have deprived the defendant of his or her constitutional right to a fair trial, review is warranted under the doctrine of fundamental error, even though no objection was made at trial. *State v. Reynolds*, 120 Idaho 445, 448, 816 P.2d 1002, 1005 (Ct.App.1991). Prosecutorial misconduct rises to the level of fundamental error when it is calculated to inflame the minds of jurors and arouse prejudice or passion against the defendant, or is so inflammatory that the jurors may be influenced to determine guilt on factors outside the evidence. *State v. Porter*, 130 Idaho at 785, 948 P.2d at 140. Our inquiry is, thus, two-tiered. We first determine whether the prosecutorial conduct complained of was improper. *Reynolds*, 120 Idaho at 448, 816 P.2d at 1005. If we conclude that it was, we then consider whether such misconduct prejudiced the defendant's right to a fair trial or whether it was harmless. *Id.* Where the appellate court is able to declare that, beyond a reasonable doubt, the jury below would have reached the same result had the misconduct not occurred, the error is deemed harmless. *Id.* at 451, 816 P.2d at 1008.

During closing argument in the present case, the prosecutor stated:

You know, these defendants have enjoyed every single constitutional right that America affords. They have been given a trial by their peers; they've had the right to be represented by counsel, very able counsel; they've had their right as it should be to not put on any evidence whatsoever. That's our system of justice.

. . . .

These men put the state to the task of proving every single element.... But, see, that's another one of these rights that's afforded a defendant, that I have to prove everything in terms of how that evidence

got in and is it credible. That's my job. But, you know, with these freedoms and with these rights there comes a price, and that's really what we're here for and that's what this is about and that's what you have to decide. We have to take responsibility, no matter who that is, because here in America, irrespective of nationality, you get a right to use every one of these constitutional guarantees. The price of that freedom is high. And I'm here, as the state, to help collect, but it's up to you to decide what happens. You have to decide have I done my job, have these men been given a fair trial and have I proved my case to you beyond a reasonable doubt.

Ladies and Gentlemen, you can enforce these laws by verdicts of guilty. That's the price that [the drug dealer] should have to pay and that's the price that [Romero–Garcia] should have to pay because they, they've exercised every freedom that we have.

With respect to Romero–Garcia's claim that the prosecutor improperly commented upon his exercise of the right not to present evidence, Romero–Garcia has failed to persuade this Court that any misconduct occurred. The prosecutor reiterated what the district court had already instructed—that the state bears the burden of proving every element beyond a reasonable doubt and that the defendant has no obligation to present evidence. The prosecutor stated that criminal defendants have these and a number of other rights.

■ Concerning Romero–Garcia's contention that the prosecutor appealed to the jury's racial or ethnic prejudices, we note that a prosecutor is constitutionally prohibited from making racially or ethnically inflammatory remarks during its closing argument. *See McCleskey v. Kemp,* 481 U.S. 279, 309 n. 30, 107 S.Ct. 1756, 1770 n. 30, 95 L.Ed.2d 262, 289 n. 30 (1987); *Bains v. Cambra,* 204 F.3d 964, 974 (9th Cir.2000). Such comments violate a criminal defendant's due process and equal protection rights. *Bains,* 204 F.3d at 974. Appeals to racial or ethnic prejudice can distort the search for truth and drastically affect a juror's impartiality. *United States v. Doe,* 903 F.2d 16, 24 (D.C.Cir.1990).

■ Upon review of the prosecutor's comments in the case at bar, this Court concludes that the prosecutor's emphasis on Romero–Garcia's status as a non-citizen of the United States could be viewed as a subtle appeal to the jury's racial or ethnic prejudice. Even an artfully constructed appeal to a jury's prejudices cannot avoid application of the prohibition against such comments. We need not decide whether the prosecutor's remarks constituted prosecutorial misconduct, however, because even if the comments were improper, this Court is not convinced that the jury's verdict would have been different in view of the overwhelming evidence of Romero–Garcia's guilt. Therefore, we deem the error harmless.

## B. Jury Instructions

■ We next address Romero–Garcia's challenges to the jury instructions given by the district court regarding aiding and abetting the failure to affix illegal drug tax stamps. Romero–Garcia argues that the jury was improperly required to find that he personally failed to affix the appropriate tax stamps. Romero–Garcia insists that he had no duty to personally affix tax stamps because he did not possess the cocaine. Romero–Garcia next contends that the jury instructions improperly failed to require the jury to find that Romero–Garcia knew the required tax stamps were not affixed to the cocaine. Additionally, Romero–Garcia argues that the district court erred by failing to instruct the jury, on the special verdict form, that it must find Romero–Garcia aided and abetted the failure to affix the tax stamps beyond a reasonable doubt. Finally, Romero–Garcia contends that the district court erred when it refused to give Romero–Garcia's proposed instruction regarding ignorance or mistake of fact.

■ The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v.*

*Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App.1993).

The state's evidence showed that cocaine was sold by the drug dealer to the CI in accordance with the arrangements made by Romero–Garcia. For these acts, the drug dealer was found guilty of trafficking in cocaine by delivery. Similarly, Romero–Garcia was found guilty of aiding and abetting trafficking in cocaine by delivery. Under the Idaho Illegal Drug Tax Act, illegal drug tax stamps were required to be permanently affixed to the cocaine sold. Because no stamps were attached, the drug dealer was charged with and found guilty of failure to affix the required tax stamps. Romero–Garcia was charged with and found guilty of aiding and abetting the failure to affix tax stamps.

■■■ The main dispute as to aiding and abetting the failure to affix the illegal drug tax stamps centers on the mental state required. An individual who participates in or assists the commission of an offense is guilty of aiding and abetting the crime. *State v. Gonzalez,* 134 Idaho 907, 909, 12 P.3d 382, 384 (Ct.App.2000). The mental state required is generally the same as that required for the underlying offense—the aider and abettor must share the criminal intent of the principal and there must be a community of purpose in the unlawful undertaking. *State v. Scroggins,* 110 Idaho 380, 386; 716 P.2d 1152, 1158 (1985).

Idaho Code Section 63–4203(1) provides that "every person who in violation of Idaho law possesses a controlled substance shall be liable for payment of an excise tax on all of the controlled substance." When any person possesses a controlled substance subject to illegal drug taxes, the person must obtain illegal drug tax stamps and permanently affix them on the controlled substance to show that the required tax has been paid. I.C. § 63–4205(1). Possession, in addition to its ordinary meaning, includes holding, selling, and transferring. I.C. § 63–4202. Any person subject to the drug tax who distributes or possesses a controlled substance, without affixing the appropriate stamps, is guilty of a criminal offense. I.C. § 63–4207(2).

■■■ The Illegal Drug Tax Act, as discussed above, does not specifically indicate the mental state necessary for commission of this crime. However, I.C. § 18–114 requires that in every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence. Intent as used in that section means not an intent to commit a crime, but merely the intent to knowingly perform the interdicted act or, by criminal negligence, fail to perform the required act. *State v. Parish,* 79 Idaho 75, 78–79, 310 P.2d 1082; 1083–84 (1957); *State v. Taylor,* 59 Idaho 724, 737–38, 87 P.2d 454, 460–61 (1939).

■■■ Pursuant to these statutes then, a person who fails to affix the illegal drug tax stamps becomes strictly liable for the omission. Accordingly, in order to find Romero–Garcia guilty of aiding and abetting the failure to affix the required drug tax stamps, the jury was required to find that: (1) Romero–Garcia knowingly participated in or assisted the drug dealer in the possession or distribution of cocaine; and (2) the necessary drug tax stamps had not been affixed. The jury was instructed that to prove Romero–Garcia's guilt, the state must show beyond a reasonable doubt that, on or about the alleged date in Blaine County, Romero–Garcia "intentionally aided and abetted the possession or distribution of seven (7) grams or more of any controlled substance sold by weight" and that he failed to "permanently affix to it the appropriate Idaho tax stamp." Romero–Garcia insists that the instruction improperly imposed upon him the duty to affix tax stamps because he did not personally possess the cocaine and, therefore, had no duty to do so. Romero–Garcia also argues that the instructions erroneously failed to require proof that he knew that the appropriate tax stamps were not attached to the cocaine.

■■■ The Due Process Clause of the United States Constitution precludes conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which a defendant is charged. *See In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). Each element of an offense must be found by

a properly instructed jury. *See State v. Olin,* 111 Idaho 516, 524–30, 725 P.2d 801, 809–15 (Ct.App.1986). The instructions given in this case required the jury to find the two necessary elements. To aid and abet the failure to affix illegal drug tax stamps, Romero–Garcia needed only to participate or assist in the possession or distribution of cocaine for which the drug dealer failed to attach the appropriate stamps. Contrary to Romero–Garcia's argument, it was not necessary that he know that the cocaine lacked the required stamps in order to commit the offense of aiding and abetting the failure to affix drug tax stamps. Rather, the mental state necessary to that charge required only that Romero–Garcia knowingly participated in or assisted the drug dealer in the possession or distribution of cocaine. Although the jury instructions could have more clearly stated the applicable law, they adequately required the jury to find all facts necessary to constitute aiding and abetting the failure to affix illegal drug tax stamps. Thus, the jury verdict need not be vacated based on these challenges.

 Romero–Garcia next argues that the jury instructions given by the district court were erroneous because the jury verdict form on aiding and abetting the failure to affix illegal drug tax stamps lacked language requiring a finding of guilt beyond a reasonable doubt. This argument is without merit. As discussed above, this Court examines whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. The jury in this case was specifically instructed, in jury instruction number 27, that a guilty verdict must be based upon a finding of each element of the crime beyond a reasonable doubt. We find no error in the instructions with regard to Romero–Garcia's challenge on this basis.

 Finally, Romero–Garcia asserts that the district court erred when it refused to give his requested instruction on the ignorance or mistake of law provisions found in I.C. § 18–201(1). Romero–Garcia appears to argue that the intent element required for aiding and abetting the failure to affix illegal drug tax stamps was not met because he did not know tax stamps were not affixed. How-ever, as discussed previously, knowledge that the necessary stamps were not attached was not required. Thus, the district court committed no error in refusing to give Romero–Garcia's requested jury instruction.

## C. Sufficiency of the Evidence

 Romero–Garcia argues that the evidence at trial was insufficient to support a conviction for aiding and abetting the failure to affix illegal drug tax stamps because there was no substantial evidence that he intended that the tax stamps not be attached to the cocaine, that he knew tax stamps were not attached to the cocaine, that he participated in the drug dealer's failure to affix tax stamps to the cocaine, nor that he assisted or encouraged the drug dealer to not affix the tax stamps to the cocaine. This argument fails because this crime did not require proof of any of those elements. Rather, the state was required to show only that Romero–Garcia participated or assisted in the possession or distribution of cocaine lacking the required tax stamps.

The jury instructions in this case properly defined possession to include the sale of a controlled substance. The evidence showed that Romero–Garcia arranged the sale of cocaine to the CI and accompanied him to the drug dealer's residence where the sale took place. In return, Romero–Garcia was paid $200. Thus, the element of aiding and abetting possession or distribution of a controlled substance was supported by sufficient evidence. Likewise, the evidence showed that the drugs confiscated after the sale lacked the appropriate tax stamps. Thus, each element of aiding and abetting the failure to affix illegal drug tax stamps was sufficiently supported by the evidence presented at trial.

## III.

## CONCLUSION

We conclude that the prosecutor did not improperly comment upon Romero–Garcia's exercise of the right not to present evidence during closing argument and, therefore, no prosecutorial misconduct has been shown in that regard. We need not decide whether

the prosecutor's subtle references to Romero–Garcia's status as a non-citizen of the United States constituted prosecutorial misconduct because, even if such comments were improper, this Court is not convinced that the jury's verdict would have been different in view of the overwhelming evidence of Romero–Garcia's guilt. Therefore, we deem the error harmless.

Although the jury instructions given in this case could have more clearly set forth the applicable law, the jury was required to find, beyond a reasonable doubt, all of the required elements of aiding and abetting the failure to affix illegal drug tax stamps. The evidence presented at trial was sufficient to support the jury's verdict of guilty on that charge. We therefore affirm Romero–Garcia's judgments of conviction for aiding and abetting trafficking in cocaine and for aiding and abetting the failure to affix illegal drug tax stamps.

Chief Judge LANSING and Judge GUTIERREZ, concur.