No. 91,189

CORWIN T. ROY, *Appellant*, v. CANDIS L. YOUNG and KATZ & YOUNG, L.C., *Appellees.*
(93 P.3d 712)

Opinion filed June 25, 2004.

*David M. Bryan*, of Kansas City, Missouri, argued the cause, and was on the briefs for appellant.

*Daniel F. Church*, of McAnany, Van Cleave & Phillips, P.A., of Roeland Park, argued the cause, and *G. Stuart Englebert*, of the same firm, was with him on the brief for appellees.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Corwin Roy sued Candis L. Young and her law firm, Katz & Young, L.C. (collectively Young), alleging legal malpractice and violations of the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623 *et seq*. The district court granted summary judgment in favor of Young on the ground that the legal malpractice and KCPA claims were time barred and denied Roy's motion for partial summary judgment on the question whether Young breached a duty of care. Roy appealed. The court transferred the case from the Court of Appeals pursuant to K.S.A. 20-3018(c).

Roy raises two issues on appeal: (1) Is his legal malpractice claim time barred and (2) did the district court err in denying Roy's motion for partial summary judgment on the issue of Young's duty and breach of duty?

There is no dispute as to the material facts.

In March 1996, Corinthian Mortgage Corporation (Corinthian) filed a petition for foreclosure against Roy in Johnson County District Court. In the mortgage action against Roy, Candis Young filed a timely answer and counterclaim on behalf of Roy. The counterclaim alleged breach of contract and misrepresentation.

On March 10, 1997, Corinthian filed a motion for summary judgment. It was set for hearing on April 10, 1997. Supreme Court Rule 141(b) (2003 Kan. Ct. R. Annot. 191) provides that opposition to a motion for summary judgment is to be filed and served within 21 days from the filing of the motion unless the time is extended by court order. During the 21-day period, Young failed either to file a response or request an extension of time in which to respond. Without requesting leave to file a response out of time, Young sent a letter and a response to Corinthian's motion to the district court chambers on April 9, 1997. In addition to being untimely, the response did not comply with Rule 141(b) in several ways. It did not set forth in separately numbered paragraphs a statement whether each factual contention of movant was controverted or, if controverted, a summary of conflicting testimony or evidence. Nor did it include any references to anything in the record before the court.

On May 8, 1997, a Journal Entry of Judgment and Mortgage Foreclosure was filed against Roy. It stated in part:

"On March 10, 1997, Corinthian filed its Motion for Summary Judgment on its foreclosure claim and against Roy's counterclaims ('Motion'). Roy filed no opposition or request for an extension of time during the twenty-one day period following service of the Motion. On the day before the hearing on Corinthian's Motion, Roy submitted an opposition to the Motion which did not conform with the requirements of Supreme Court Rule 141(b). Therefore, Roy is deemed to have admitted the uncontroverted facts as set forth in Corinthian's Memorandum in Support of Summary Judgment. Corinthian's uncontroverted facts are incorporated by reference.

"It is undisputed that: 1) Roy had no agreement for Corinthian to provide him a loan until he received a written notice of the loan approval; 2) prior to December

1, 1994, Roy never received any loan commitment from Corinthian; and 3) finally, and most importantly, Corinthian loaned Roy all the money which he requested. Corinthian is granted Summary Judgment on the counterclaims because Roy failed to comply with the requirements of Supreme Court Rule 141(b) and controvert the facts set forth by Corinthian.

"It is also uncontroverted that: 1) Roy executed a note and mortgage to Corinthian; 2) Roy failed to make payments on the note; 3) Roy is in default; and 4) Roy's mortgage is subject to foreclosure. Because of Roy's defaults on the note, there is due from Roy, and Corinthian should have judgment as of April 10, 1997, of the following:

| | |
|---|---|
| Principal Amount: | $75,980.69 |
| Interest Accrued Amount: | 8,348.21 |
| Charges: | 6,076.23 |
| Judgment | $90,405.13 |

The Judgment continues to accrue interest at a rate of $17.17 per diem after April 10, 1997.

"By reason of Roy's default, Corinthian is entitled to foreclose the Mortgage. Because Roy has paid less than one-third of the original debt, Roy's redemption period is three months pursuant to K.S.A. 60-2414."

In an affidavit, Albert Kuhl, an attorney licensed to practice in Kansas, averred that he met with Roy sometime after June 16, 1997. Roy expressed a belief that Young had filed a motion to reconsider Corinthian's judgment against him. Kuhl, however, was unable to find a motion to reconsider or similar written request in the court file. Kuhl so advised Roy.

On May 7, 1999, Roy filed a pro se petition alleging negligence, breach of fiduciary duty, and fraud against the defendants, Candis Young and Katz & Young, Case No. 99C5886. In June 1999, Roy, through counsel, filed a written request for a malpractice screening panel. See K.S.A. 2003 Supp. 60-3502. An order convening a screening panel was filed in July 1999.

In August 2000, Case No. 99C5886 was dismissed without prejudice for lack of prosecution. The order stated:

"The Court has received the information from David Bryan (Roy's counsel) that plaintiff is not prepared to go forward at this time due to the fact the Statute of Limitations has not run on KCPA claims. Plaintiff does not object to a dismissal without prejudice.

"IT IS THEREFORE BY THE COURT ORDERED that the above captioned case is hereby dismissed for lack of prosecution."

In September 2000, Bryan filed on Roy's behalf a petition alleging violations of the KCPA against Corinthian. In November 2000, Corinthian's motion to dismiss was granted on the ground that the KCPA claims were untimely.

On June 20, 2001, the malpractice screening panel filed its opinion, which concluded:

"Base[d] upon the materials furnished and submitted to the panel, the panel voted unanimously that it was unable to determine that Mr. Roy's defenses and counterclaims would have resulted in either a defense to the foreclosure action or a collectable judgment in his favor. Based upon these inabilities, the panel is unable to conclude that a causal relationship exists between the deviations from the standard of care by Ms. Young and any ultimate claimed damage.

"The panel therefore finds unanimously in favor of Defendant Candis L. Young."

On July 19, 2001, this action was filed. The district court granted summary judgment in favor of Young on the ground that the legal malpractice and KCPA claims were time barred. The district court also denied Roy's motion for partial summary judgment on the question whether Young breached a duty of care.

We first consider if Roy's legal malpractice claim was time barred.

Where facts are not in dispute, appellate review of an order regarding summary judgment is de novo. *Duarte v. DeBruce Grain, Inc.*, 276 Kan. 598, Syl. ¶ 1, 78 P.3d 428 (2003).

Roy's July 2001 petition in the present case contained two counts—negligence and violations of the KCPA. The district court concluded that both causes of action were time barred. The district court determined that the present case "is essentially the same case as the action filed pro se on May 7, 1999" and reasoned, summarized as follows:

• Actions for negligence are governed by K.S.A. 60-513, the 2-year statute of limitations. Corinthian's motion for summary judgment was granted on May 8, 1997. Thus, a legal malpractice action based on Young's failure to file a timely and appropriate response to the motion for summary judgment had to be filed no later than May 8, 1999.

- On May 7, 1999, Roy filed his pro se petition against Young, but it was dismissed for lack of prosecution on August 30, 2000. K.S.A. 60-518 provides that a plaintiff may commence a new action within 6 months of a failure of a timely petition for reasons other than on the merits. The present action was not filed within 6 months of the dismissal of Roy's pro se petition for lack of prosecution. Thus, K.S.A. 60-518 did not apply.
- K.S.A. 60-3509 provides:

   "In those cases before a screening panel which have not been formalized by filing a petition in a court of law, the filing of a memorandum requesting the convening of a screening panel shall toll any applicable statute of limitations and such statute of limitations shall remain tolled until 30 days after the screening panel has issued its written recommendations."

   Roy's case before a screening panel had been formalized by his filing the pro se petition. Thus, K.S.A. 60-3509 did not apply.
- Actions for violations of the KCPA are governed by K.S.A. 60-512(2), the 3-year statute of limitations. Roy "learned of the alleged misconduct on or about June 16, 1997," when Kuhl advised him that no motion to reconsider the entry of summary judgment in favor of Corinthian had been filed, contrary to what Roy had been told by Young. Thus, an action based on Young's failure to file a timely and appropriate response to the motion for summary judgment had to be filed on or about June 16, 2000. The petition in this case was filed on July 19, 2001.

On appeal, Roy makes no argument with regard to the district court's decision that the KCPA count was time barred. An issue not briefed by an appellant is deemed waived or abandoned. See *Goldbarth v. Kansas State Board of Regents*, 269 Kan. 881, 884, 9 P.3d 1251 (2000).

Roy argues with regard to his negligence count that K.S.A. 60-3509, which tolls any applicable statute of limitations, applied to toll K.S.A. 60-518 so that he had 30 days after the malpractice screening panel opinion was issued to file the present action. In

other words, he treats the saving statute, 60-518, as a statute of limitations. It appears that his argument is in response to Young's contention that Roy's claim was time barred so that he could not benefit from the tolling provision of 60-3509 unless Roy refiled his petition pursuant to 60-518 within 6 months of its dismissal. In other words, Young treats 60-518 as a statute of limitation and, by doing so, would create a "Catch-22" for Roy by requiring him to refile in order to get the benefit of 60-3509 when, according to Young, it is not available when a petition is on file.

K.S.A. 60-518 is a saving statute. It saves an action that was originally timely filed, dismissed, and then refiled within 6 months of dismissal regardless of whether the limitation period had expired in the meantime. Gard and Casad, 5 Kansas Law and Practice, Kansas C. Civ. Proc. Annot. § 60-518, p. 53 (4th ed. 2003). "The effect of [K.S.A. 60-518], if the action has been started in time, is to toll the operation of the statute of limitations during the pendency of the action and for six months after the action has ceased to pend for any reason other than a determination on the merits." Gard and Casad, 5 Kansas Law and Practice, Kansas C. Civ. Proc. Annot. § 60-518, p. 52. K.S.A. 60-518 tolls the operation of a statute of limitations; it is not a statute of limitations.

In *Smith v. Yell Bell Taxi, Inc.*, 276 Kan. 305, 307-11, 75 P.3d 1212 (2003), this court considered the effect of K.S.A. 60-515, which applies to extend the limitations period for persons under a legal disability while the statute of limitations is running. K.S.A. 60-515(a) states in part:

"[I]f any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed . . . ."

Smith was involved in a vehicle accident with a taxi owned by Yell Bell on March 1, 2000. Her 18th birthday was October 22, 2000. The district court granted defendants' motion to dismiss Smith's suit on the ground that the statute of limitations, K.S.A. 60-515(a) had expired on her 19th birthday. This court reversed, reasoning

that 60-515 is a tolling statute intended by the legislature to extend the statute of limitations for persons under a legal disability rather than to shorten the limitations period. The *Smith* court concluded that

"the district court erroneously interpreted K.S.A. 60-515 to shorten the statute of limitations. K.S.A. 60-515 applies to extend the statute of limitations for persons under a legal disability while the statute of limitations is running. If a person does not need to extend the statute of limitations, he or she need not invoke the protection K.S.A. 60-515 offers." 276 Kan. at 310.

K.S.A. 60-518, like K.S.A. 60-515, is a tolling statute that may be invoked to extend a statute of limitations but may not be applied to shorten a limitations period. In the present case, Roy did not invoke the protection K.S.A. 60-518 offers by refiling his petition within 6 months of its dismissal. Thus, the district court correctly concluded that K.S.A. 60-518 has no application in the present case.

The remaining question is whether K.S.A. 60-3509 applies in the circumstances of this case. There are no reported cases citing the statute. In *Martindale v. Tenny*, 250 Kan. 621, 629, 829 P.2d 561 (1992), the court noted that the provisions of K.S.A. 60-3501 *et seq.* are, for all practical purposes, identical to the provisions of K.S.A. 65-4901 *et seq.*, which apply to medical malpractice screening panels. Compare K.S.A. 60-3509 and K.S.A. 65-4908. In addition, K.S.A. 60-3506, which provides that "[i]f one or more of the parties rejects the final determination of the screening panel, the plaintiff may proceed with the action in the district court" is substantively identical to K.S.A. 65-4905, which provides that "[i]n the event that one or more of the parties rejects the final determination of the screening panel, the plaintiff may proceed with the action in the district court." With regard to the interplay of K.S.A. 65-4905 and K.S.A. 65-4908, the court stated in *Martindale*:

"K.S.A. 65-4905 contemplates there will be no formal court action once a screening panel has been requested and K.S.A. 65-4908 tolls any applicable statute of limitations 'until thirty (30) days after the screening panel has issued its written recommendations.' Thus the act contemplates that no formal court action should be filed, or if an action has been filed that it be held in abeyance, until the parties have exhausted the screening panel procedure." 250 Kan. at 630-31.

The holding of *Martindale* was that the enactment of a statute abrogating vicarious liability of health care providers did not cut off vicarious liability claims that had not been court filed but were pending before screening panels. 250 Kan. at 631-33. Thus, the court's statement that an action already commenced will be held in abeyance by K.S.A. 65-4908 during the pendency of the screening panel procedure was not necessary to its holding. The court's statement, however, is sound.

The interpretation of a statute is a question of law, and an appellate court's review is unlimited. The fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the legislature governs. As a general rule, statutes should be interpreted to avoid unreasonable results. *State v. Manbeck*, 277 Kan. 224, 225-27, 83 P.3d 190 (2004). This court is not bound by the district court's interpretation of a statute. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

K.S.A. 60-3509 provides that the statute of limitations will be tolled by the filing of a request for a screening panel "[i]n those cases before a screening panel which have not been formalized by filing a petition in a court of law." The district court interpreted this quoted phrase as restricting the statute's tolling benefit to cases that had not been filed in court. A more sensible and reasonable construction, however, is that the legislature's intent in framing the statute as it did was to toll the statute of limitations for cases that had not been filed in court because without a tolling mechanism the limitations period might well run during the pendency of the screening panel procedure. On the other hand, where a case had been filed in court before a screening panel was requested, the running of a limitations period would not be an issue during the pendency of the screening panel procedure. With the limitations problem of the unfiled cases in mind, the legislature worded the statute to extend the limitations period where its running during the pendency of the screening panel procedure might bar a plaintiff's claim.

This interpretation was expressed by a panel of the Court of Appeals that included now Justice Davis in *White v. VinZant*, 13

Kan. App. 2d 467, 471-73, 773 P.2d 1169 (1989). The Court of Appeals considered K.S.A. 65-4908 and stated that it

"limits the circumstances in which the tolling provision applies to those cases 'before a screening panel which have not been formalized by filing a petition in a court of law.' Obviously, tolling of the statute of limitations would not be necessary in those cases before a screening panel in which a petition has already been filed in district court." 13 Kan. App. 2d at 472.

The parties agree that the intent of the legislature in enacting the screening panel statutes was to provide for resolution of many malpractice claims without the expense and delay of litigation. Young contends that the procedure followed by Roy, *i.e.*, filing his petition before requesting a screening panel, causes the expense and delay the legislature sought to avoid and, for this reason, the legislature intended to deprive him of the benefit of the tolling provision. Young's assertion that a formalized case causes litigation expenses and delay is not supported by case law or the circumstances in the present case. As previously indicated, the *Martindale* court stated that "K.S.A. 65-4905 contemplates there will be no formal court action once a screening panel has been requested," and K.S.A. 60-3906 is virtually identical to K.S.A. 65-4905. In the present case, the request for a malpractice screening panel was filed less than 60 days after Roy filed his pro se petition and the petition was later dismissed because it had not been prosecuted.

The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003). In ascertaining that intent, we need to consider and construe the provisions of K.S.A. 60-3501 through 60-3509 in pari materia. The legislature's intent in creating the screening panel procedure was to have claimants submit their malpractice claims for resolution, or at least screening, without the expense and delay of litigation. K.S.A. 2003 Supp. 60-3502 provides that a party may request a screening panel when a legal malpractice claim is pending in district court or when it is not. For the latter, the legislature provided the tolling benefit of K.S.A. 60-3509 to preserve claims during the pendency of the screening panel procedure. If a district court action is pending, it is stayed pending

the exhaustion of the screening panel procedures. Roy's legal malpractice claim was not pending in district court on June 20, 2001, the date the screening panel's opinion was filed. The purpose of the screening panel enactment was satisfied in the circumstances of the present case, and Roy was entitled to the protection of the tolling provision. The district court erred in granting summary judgment in favor of Young.

We next consider Roy's argument that the district court erred in denying his motion for partial summary judgment on the issue of Young's duty and breach of duty.

The order denying Roy's motion for partial summary judgment was not a final judgment as defined by K.S.A. 2003 Supp. 60-254(a). However, it is reviewable by this court as part of Roy's appeal of the summary judgment granted to Young, which was a final order. See K.S.A. 60-2102(a)(4). As Young points out, a factual basis for the entry of partial summary judgment was not provided in Roy's motion, which contains enumerated paragraphs of proposed facts with almost no references to where the facts may be verified in the record. In their response to the motion for partial summary judgment, Young controverts nearly all of Roy's proposed uncontroverted facts on the ground that Roy failed to comply with Supreme Court Rule 141(a) (2003 Kan. Ct. R. Annot. 191), which requires precise references to the record. On appeal, Roy argues that Young cannot controvert most of the enumerated paragraphs because Young admitted them in their answer. If the source of the proposed facts was Young's admitting allegations, Roy easily could have provided the record references to the district court and to this court, but he did neither.

Although the district court declined to grant Roy's motion for partial summary judgment for more nebulous reasons, it clearly could have denied the motion for Roy's failure to comply with Rule 141(a). *McCullough v. Bethany Med. Center*, 235 Kan. 732, Syl. ¶ 1, 683 P.2d 1258 (1984) (superseded by statute on other grounds).

Affirmed in part, reversed in part, and remanded for further action.