(143 P.3d 413)
No. 96,043

JONELL DAVIS, *Appellant*, v. ALLSTATE INSURANCE COMPANY, *Appellee*.

Opinion filed October 6, 2006.

*Matthew L. Bretz*, of Bretz Law Offices, of Hutchinson, for appellant.

*Craig Kennedy*, of Johnson, Kennedy, Dahl & Willis, of Wichita, for appellee.

Before McANANY, P.J., ELLIOTT and GREEN, JJ.

McANANY, J.: This is the first case heard to test our court's new procedure for expediting appeals from orders granting summary judgment in civil cases. This new procedure is designed to reduce the time and expense in briefing appeals by relying primarily on the facts and arguments asserted by the parties in their summary judgment motions and briefs before the district court and not requiring the parties to rebrief for us those same facts and arguments.

Jay and Jonell Davis, husband and wife, owned a 1995 Ford truck and a 2002 Ford Mustang which were insured by Allstate Insurance Company under a policy that provided liability coverage of $100,000 per person and $300,000 per accident. The policy also provided underinsured motorist (UIM) coverage. Jay also owned a 1993 Honda motorcycle which was insured by American Modern Home Insurance Company under a policy with a liability limit of $25,000 per person.

Jay and Jonell rode together on the motorcycle two or three times a month during good weather, with Jay driving and Jonell riding behind him. In the spring of 2003, Jay and Jonell were involved in an accident in Grand Teton National Park, Wyoming, when Jay's motorcycle struck an elk. Jay was driving and Jonell was his passenger. Both were thrown from the motorcycle and both suffered serious personal injuries. American Modern Home tendered, and Jonell accepted, $25,000 under Jay's liability policy. In consideration of this payment, she released Jay from further liability but reserved her claim against Allstate for UIM coverage under the auto liability policy on the other two vehicles which provided a higher coverage limit.

Jonell then demanded $75,000 from Allstate under the UIM provisions of the auto policy, $75,000 being the difference between the $25,000 available under the motorcycle policy and the $100,000 liability limit of the Allstate policy. When Allstate denied coverage for Jonell's UIM claim, she commenced this action for breach of the contract of insurance. The parties filed competing summary judgment motions. At the close of discovery the court denied Jonell's motion and entered summary judgment in favor of Allstate. Jonell appeals these adverse rulings.

*Issues*

Jonell argues two points of error. First, she claims the court erred in relying upon an exclusion in the Allstate policy which was broader than allowed by K.S.A. 40-284(e)(1). Second, she claims the court erred in entering summary judgment in favor of Allstate on the theory that the policy did not cover damages sustained while she was riding on Jay's motorcycle since it was provided for her

regular use. She argues that she and Jay testified by deposition and submitted affidavits that the motorcycle was not provided for her regular use and she had never driven it.

The standards the district court must apply in considering a motion for summary judgment are well known to the parties and will not be repeated here. On appeal, we apply these same standards to determine whether the district court erred in its rulings. See *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 788, 107 P.3d 1219 (2005).

### 1. *The Breadth of the Allstate Exclusion*

K.S.A. 40-284(e)(1) states: "Any insurer may provide for the exclusion or limitation of coverage: (1) When the insured is occupying or struck by an uninsured automobile or trailer owned or provided for the insured's regular use."

The Allstate policy provided, *inter alia*:

"**Allstate** will not pay any damages an insured person is legally entitled to recover because of . . . **bodily injury** sustained while in, on, getting into or out of or when struck by an uninsured or underinsured **motor vehicle** which is owned by **you** or a **resident** relative or provided for the insured person's regular use."

Jonell contends the addition of the exclusion to include a vehicle owned by a "resident relative" voids this entire provision in the policy. Without dwelling on the various reasons this is not so, it suffices to note that Allstate did not argue, and the district court did not rule, that the fact that Jonell's husband owned the motorcycle excluded her from coverage. The policy provision Jonell challenges was immaterial to the court's ruling. The court entered summary judgment in favor of Allstate based upon the conclusion that the motorcycle was provided for Jonell's regular use. This leads to Jonell's second issue: whether the court erred in its determination that the motorcycle was provided for Jonell's regular use so as to bar her UIM claim.

### 2. *Whether the Motorcycle was Provided for Jonell's Regular Use so as to Bar Her UIM Claim*

Jonell's second point of error requires a two-step analysis. First, we must determine whether there was a fact dispute over Jonell's

use that would preclude the district court from entering judgment summarily. Second, if there was no issue of fact that required a trial, we must determine whether Allstate was entitled to judgment as a matter of law based upon its policy exclusion.

Regarding the first step, Jonell argues that the district court violated the requirement that the court view the facts in the light most favoring her on this issue. She points to the deposition testimony and affidavits she and Jay provided in which they asserted that the motorcycle was not provided to her for her regular use. From this she concludes that there remained a disputed issue of material fact requiring a trial for resolution.

Jonell rode on the motorcycle with her husband two or three times a month. This is not a disputed fact. The question is whether this fact leads to the conclusion that the motorcycle was provided to Jonell for her regular use so as to bar her UIM claim. This is an issue of law for the court. The interpretation of an insurance contract is a question of law. *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 901, 89 P.3d 536 (2004).

Had we been confronted with competing affidavits, one saying that Jonell regularly rode the motorcycle with her husband and another saying she was never on the motorcycle, there would be a fact issue which, if meeting the test of materiality, would preclude summary judgment. But that is not the case. The underlying facts are not disputed. The issue then becomes the legal significance of the undisputed facts, *i.e.*, whether Jonell riding with her husband has the legal effect of making the motorcycle a vehicle that was provided to her for her regular use. This is an issue of law for the court which, if the underlying facts are not disputed, the court may resolve summarily. See *Roy v. Young*, 278 Kan. 244, 247, 93 P.3d 712 (2004). The issue was ripe for summary disposition, and the district court did not err in the manner in which it considered the affidavits and deposition testimony of Jonell and Jay.

This leads to the second step: whether, given the undisputed facts, Allstate was entitled to summary judgment based upon its policy exclusion.

This issue has previously been addressed by our Supreme Court in the context of an uninsured motorist (UM) claim in *Ball v. Mid-*

*western Ins. Co.*, 250 Kan. 738, 829 P.2d 897 (1992). The UM/
UIM distinction is immaterial for the purpose of our analysis. In
*Ball*, plaintiff Ashley Ball was the infant daughter of Joseph and
Stephanie Ball. Joseph and Stephanie had two automobiles: a
Chevrolet Chevette which was uninsured and a Chevrolet Nova
which was insured by Midwestern. Stephanie usually drove the
insured Nova but occasionally drove the uninsured Chevette. On
the day of the accident, the Nova had mechanical problems so
Stephanie used the uninsured Chevette to drive Ashley to the ba-
bysitter. In the course of that trip the accident occurred and Ashley
was injured. Ashley (through her father) made claim for UM ben-
efits from Midwestern on the Nova policy. Relying on K.S.A. 40-
284(e)(1), Midwestern denied coverage because the uninsured
Chevette in which Ashley was riding at the time of the accident
was provided for her regular use.

Construing K.S.A. 40-284(e)(1), the Supreme Court stated:

"We hold K.S.A. 40-284(e)(1) authorizes the exclusions enumerated in Mid-
western's policy with regard to uninsured motorist coverage. The question then
presented is whether Ashley Ball falls within the exclusion. Much is made of
whether the Chevette was furnished or available for the regular use of any family
member. Obviously it was, as is illustrated by Ashley and her mother using it on
the day of the accident. It was owned by Joseph and Stephanie Ball for family use
when needed. Whether or not it was used regularly is immaterial; it was available
for regular use. . . .

"We are compelled by the clear, unambiguous language of the statute and the
insurance policy to conclude that Ashley Ball is excluded from uninsured motorist
coverage under the insurance policy on the Nova. To hold otherwise would not
only violate the clear meaning of the statute but also, as a matter of public policy,
encourage the public to insure only one vehicle." *Ball*, 250 Kan. at 745-46.

*Ball* controls. Jay's motorcycle, covered by a policy with lower
liability limits, was provided for Jonell's regular use as a passenger.
Riding around with her spouse on nice days was certainly a regular,
and not extraordinary, use for the motorcycle. Thus, the Allstate
automobile policy, which provides higher liability limits, does not
provide UIM coverage for Jonell's injuries suffered while riding
the motorcycle with lower liability limits when the motorcycle was
provided for her regular use as a passenger riding with her hus-
band.

The district court did not err in granting summary judgment to Allstate on Jonell's UIM claim.

Affirmed.