NOT DESIGNATED FOR PUBLICATION

No.112,430

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK KYLES, JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Geary District Court; DAVID R. PLATT, judge. Opinion filed September 25, 2015. Affirmed.

*Samuel Schirer*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, *Steven L. Opat,* county attorney*,* and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*: Patrick Kyles appeals from the district court's revocation of his probation, contending that the district court lacked statutory authority to sentence him to his underlying prison sentence. Finding no error, we affirm.

In March of 2011, Kyles pleaded no contest to felony possession of marijuana. Kyles was later sentenced to 18 months' probation with an underlying 15-month prison sentence.

1

In July of 2012, the State moved to revoke Kyles' probation. At his revocation hearing, Kyles stipulated to the probation violations. The district court extended Kyles' probation for 18 months from the date of that hearing.

In January of 2014, the State moved to revoke Kyles' probation a second time. In the affidavit accompanying the State's motion, Kyles' intensive supervision officer averred that Kyles had violated his probation by failing to report to his probation officer, failing to pay case fees, failing to submit his community service hours, and failing to pay agency fees. A warrant was issued, and Kyles was arrested in April 2014.

In July 2014, at his second probation revocation hearing, Kyles stipulated to the probation violations set forth in the probation officer's affidavit. After some colloquy and with little explanation, the district court revoked Kyles' probation and imposed the underlying 15-month prison sentence which gives rise to this appeal. Kyles argues that the district court erred by imposing the underlying prison sentence after revoking his probation because that sanction was not statutorily authorized. Specifically, Kyles contends that K.S.A. 2013 Supp. 22-3716(c) requires a sentencing court to impose an intermediate sanction on a violating probationer before ordering the probationer to serve the underlying prison sentence.

*Preservation of the issue*

Kyles acknowledges that this issue is being raised for the first time on appeal. The State notes that issues not raised before the district court are generally not preserved for appeal, and that Kyles has failed to explain why this court should hear the issue. But in his reply brief, Kyles cures this omission by arguing that the issue "involves only a question of law arising on proved or admitted facts [which] is finally determinative of the issue," and would serve the ends of justice, citing *State v. Lane*, No. 111,110, 2015 WL 802739 (Kan. App. 2015) (unpublished opinion).

We agree that the matter involves "only a question of law arising on proved or admitted facts and is finally determinative of the issue." *Lane*, 2015 WL 802739, at *3. Accordingly, based upon the appellant's argument in its reply brief, we find this issue is properly before us.

*The statute's applicability*

Kyles argues that the district court failed to apply this statute in his case and had it done so, it would have lacked statutory authority to impose his underlying prison sentence.

The State contends this statute does not apply because it was not in effect until July 1, 2014, 5 months after it filed the motion to revoke probation. But the intermediate sanction requirements of 22-3716(c) took effect on July 1, 2013. See L. 2013, ch. 76, sec. 5; *State v. Wesley*, Nos. 111,179, 2015 WL 3868716, at *2. (Kan. App. 2015) (unpublished opinion) ("The House Bill 2170 amendment to K.S.A. 2013 Supp. 22-3716[c] became effective on July 1, 2013. This amendment enacted a series of intermediate sanctions that district courts could impose after finding a defendant violated a condition of his or her probation.").

In 2014, the legislature amended K.S.A. 2013 Supp. 22-3716(c), by adding an application date to it:

> "The violation sanctions provided in this subsection shall apply to any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced." K.S.A. 2014 Supp. 22-3716 (c)(12).

3

See *State v. McGill*, 51 Kan. App. 2d 92, 95, 340 P.3d 515 (2015), petition for *rev. filed* February 9, 2015.

The State moved to have Kyles' probation revoked on January 31, 2014. The intensive supervision officer's affidavit alleged, and Kyles subsequently admitted, that Kyles had violated his probation by:  (1) failing to report to his probation officer since November of 2013; (2) failing to make payments on his case fees since March of 2013; (3) failing to complete the required community service hours, and that he had not submitted any hours since June of 2013; and (4) failing to make any payments toward the agency fees he owed since July of 2013.

Although two of Kyles' probation violations occurred before the effective date of the intermediate sanctions provision, those violations were ongoing. Kyles initially violated the terms of his probation before July 1, 2013, by not submitting his community service hours in June 2013 and not making payments towards his case fees in March 2013 but continued to violate those terms of his probation after that date by failing to make payments or submit his hours. Because Kyles' probation violations occurred after July 1, 2013, the statute requiring intermediate sanctions applied to Kyles' probation revocation hearing on July 16, 2014.

Under that statute, a district court must impose intermediate sanctions before imposing the underlying sentence unless the probationer commits a new felony or misdemeanor, or the probationer "absconds" from supervision, or the district court "sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2014 Supp. 22-3716(c)(8), (9).

The State argues that Kyles committed new misdemeanors and absconded from supervision. Kyles does not address this argument in his amended brief except by

4

conclusorily saying, "Kyles did not violate his probation by committing a new crime. Nor did he abscond from supervision." And Kyles' reply brief makes no mention of these issues, despite the State's argument in its brief. By mentioning but not briefing these issues, Kyles is deemed to have waived or abandoned them. *Roy v. Young*, 278 Kan. 244, 248, 93 P.3d 712 (2004). Nonetheless, we review the revocation hearing to determine whether the district court's decision was based on an error of law−an argument Kyles fully developed.

*Our standard of review*

Once the State has proven a violation of the conditions of probation, the decision to revoke probation is within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if: (1) no reasonable person would have taken the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014); see *State v. Carpenter*, No. 111,029, 2015 WL 770208, at *4 (Kan. App. 2015) (unpublished opinion) (finding the abuse of discretion standard still applies to disposition decisions under K.S.A. 2013 Supp. 22-3716[c][8] or [9]). But *see State v. Huckey*, 51 Kan. App. 2d 451, 455-57, 348 P.3d 997 (2015), (finding the State must allege and prove by a preponderance of the evidence that a defendant has absconded before a district court may revoke a defendant's probation under K.S.A. 2014 Supp. 22-3716[c][8]), *rev. denied* __Kan.__(August 12, 2015). The burden of demonstrating an abuse of discretion is on the party alleging the abuse. *State v. Burnett*, 300 Kan. 419, 449, 329 P.3d 1169 (2014).

*The probation revocation hearing*

At his probation revocation hearing, Kyles stipulated to the probation violations stated in the probation officer's affidavit, but there was no agreement as to disposition.

The State argued that the court should follow the recommendation of the probation officer to remand Kyles to the Department of Corrections, as this was Kyles' second probation violation and the probation officer found Kyles was no longer amenable to probation. Defense counsel requested that Kyles be discharged unsuccessfully from probation, or, in the alternative, that he be placed back on probation for 18 months. The court then inquired of Kyles, who stated:

> "And I know I made a little mistakes – hiccups, within the past two months, because I know this isn't a very . . . logical excuse, but my mom is very sick. She's not, actually [a] driver. And I, actually, took a risk, one time – and it was a huge mistake, on my part, and it's breaking the law, still."

When the court asked if he was in drug court on this case, Kyles responded negatively, but an unidentified speaker replied that Kyles was in drug court on this case and had been transferred back to the unidentified speaker in Junction City. The State then stated that Kyles had had "numerous cases through municipal court over the last couple years," that "either yesterday, or this morning, . . . he's gotten more charges pending in municipal court. He's pending probation violations in municipal court. . . . He's still doing things that violate the law, or violate the terms of probation." Kyles then replied, "[T]hat's very true. I've been dealing for–the same DUI case for the past two years, that we have not been sentence[d] for, or anything."

The district court ruled from the bench, stating: "Well, I'll note, not the first time, probation's revoked, remanded to the Secretary of Corrections." The journal entry reflects the court's only stated reasons for revoking Kyles' probation were the same four technical violations alleged in the probation officer's affidavit.

6

*Absconding from supervision*

In support of its argument that Kyles absconded from supervision, the State offers only that Kyles last reported to the probation officer in November 2013 and was not arrested until April 30, 2014.

The definition of "abscond" in Black's Law Dictionary serves as the standard in cases involving K.S.A. 2014 Supp. 22-3716(c)(8). See *Huckey*, 51 Kan. App. 2d at 455. Black's Law Dictionary 8 (10th ed. 2014) defines abscond as: "To depart secretly or suddenly, [especially] to avoid arrest, prosecution, or service of process." *Huckey* found this definition requires something more than a mere failure to report. 51 Kan. App. 2d at 456.

The record here fails to reveal "something more." Although it shows the probation officer had "not physically met" with Kyles since November 2013 and that Kyles was arrested in Kansas on April 30, 2014, it also shows that Kyles "leaves messages for [the probation] officer to consistently reschedule his appointments." Based on this scant record, we cannot agree that Kyles had absconded from supervision.

*New felony or misdemeanor*

The State also contends that the record shows that Kyles committed a new felony or misdemeanor while on probation. See K.S.A. 2014 Supp. 22-3716(c)(8). We note the statute does not require a showing that the violating probationer has been *convicted* of a new felony or misdemeanor.

We have carefully reviewed the evidence before the district court. During the revocation hearing, allusions were made to pending charges in municipal court and to

7

Kyles' arrest for traffic violations. Further, Kyles admitted to making a "huge mistake" and to "breaking the law."

Traffic infractions are crimes and are often prosecuted in municipal court. See K.S.A. 2014 Supp. 8-2118(c), (d). But traffic infractions are not misdemeanors or felonies. See K.S.A. 2014 Supp. 21-5102 (defining felony crimes, defining traffic infractions as violations of K.S.A. 2014 Supp. 8-2118, defining cigarette or tobacco infractions, then stating "all other crimes are misdemeanors"). Such evidence fails to show that Kyles had committed a *misdemeanor or felony* as required under the statute to justify the court's imposition of the underlying sentence.

But there is more. Kyles volunteered that he had been "dealing [with] the same DUI case for the past two years" but had not yet been sentenced. A DUI is a misdemeanor or a nonperson felony. See K.S.A. 2014 Supp. 8-1567(b). And Kyles had been on probation for the 2 years immediately prior to his revocation hearing. Although Kyles' statement is vague, it is reasonably construed as an admission that he had committed a DUI during the past 2 years but had not yet been sentenced for that crime. We find this statement, read together with Kyles' other testimony, sufficient to warrant the conclusion that Kyles committed a new misdemeanor or felony while on probation. We thus conclude Kyles has not met his burden to show the district court abused its discretion in imposing the underlying sentence for Kyles' admitted probation violations.

Although the district court did not expressly refer to this statute or rely on its exception, we affirm the district court's judgment as being right for the wrong reason. See *Hockett v. The Trees Oil Co.*, 292 Kan. 213, 218, 251 P.3d 65 (2011) (if district court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision).

Affirmed.

8