No. 57,216

GRACE P. SMITH, *Appellee,* v. ORTHOPAEDIC SURGERY ASSOCIATES, P.A., and JOHN J. WERTZBERGER, M.D., *Appellants,* v. FLETCHER BELL, COMMISSIONER OF INSURANCE, AS ADMINISTRATOR OF THE HEALTH CARE STABILIZATION FUND, *Intervenor.*

(701 P.2d 331)

Opinion filed June 21, 1985.

*Alan V. Johnson,* of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, and *Derenda J. Mitchell,* of the State Insurance Commission, of Topeka, argued the cause, and *Myron L. Listrom,* of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, was with them on the briefs for appellants and intervenor.

*John Anderson, Jr.,* of Anderson, Lastelic & Buchmann, of Overland Park, argued the cause, and *Brian C. McCormally,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is a medical malpractice action in which the tortfeasor defendants and intervenor Fletcher Bell, as administrator of the Kansas health care stabilization fund, appeal the district court's order granting plaintiff's motion for voluntary dismissal. As the merits of plaintiff's case have not been determined, the facts will be set forth only briefly.

In the early fall of 1980, plaintiff Grace P. Smith received treatment for back pain from defendant John J. Wertzberger, a licensed physician and orthopaedic surgeon practicing in Lawrence through defendant Orthopaedic Surgery Associates, P.A., a

professional corporation. The therapy was not productive, and on October 27, 1980, Dr. Wertzberger operated on plaintiff in order to perform a laminectomy. Plaintiff contends Dr. Wertzberger negligently performed the operation resulting in serious permanent injury. She filed suit October 25, 1982, against Dr. Wertzberger and the corporation. Defendants answered and the parties engaged in discovery through early 1984.

K.S.A. 1984 Supp. 40-3403 establishes a health care stabilization fund (the Fund) to pay damages for personal injury or death resulting from the rendering of or failure to render professional services by a health care provider. The Fund is liable for, among other things, any amount due from a judgment or settlement in excess of the basic coverage liability of a resident health care provider or resident self-insurer. The state commissioner of insurance, Fletcher Bell, is responsible for administering the Fund. K.S.A. 1984 Supp. 40-3409(a)(1) provides:

"(a)(1) In any action filed in this state for personal injury or death arising out of the rendering of or the failure to render professional services by any health care provider covered by the fund or any inactive health care provider covered by the fund, *the plaintiff shall serve a copy of the petition upon the commissioner by registered mail within 10 days from filing the same,* and if such service is not made the fund shall not be liable for any amount due from a judgment or a settlement nor, in such case, shall the health care provider or the provider's insurer or the inactive health care provider or the provider's insurer be liable for such amount that, if such service had been made, would have been paid by the fund . . . ." (Emphasis added.)

The statutes have been amended since the filing of this action; however, the amendments are not relevant to the issues on appeal.

The plaintiff failed to serve a copy of her petition upon the insurance commissioner within ten days after filing, as required by the statute. On June 7, 1984, she filed a motion for an order of voluntary dismissal under K.S.A. 60-241(a)(2), in order that she might refile the action and comply with the notice provisions of 40-3409. Plaintiff offered to pay costs, and pointed out discovery was not yet complete and the case had not reached the stage of pretrial conference. Defendants objected, arguing first the dismissal would subject them to legal prejudice, and second, that the notice requirement of 40-3409 could only be satisfied within ten days after an action was originally filed, not after voluntary dismissal and refiling. The district court found a dismissal and

refiling would not result in any legal prejudice to the defendants and granted the motion. On appeal by the defendants, Fletcher Bell, as commissioner of insurance, was allowed to intervene and the case was transferred from the Court of Appeals pursuant to K.S.A. 20-3017. The defendants and intervenor raise several issues, none of which have merit.

The real issue before this court is: May a plaintiff in a medical malpractice action, who fails to serve a copy of the petition upon the commissioner of insurance as required by K.S.A. 1984 Supp. 40-3409, dismiss the action over the objection of the tortfeasor defendant if approved by the court and then refile the action for the purpose of complying with the statute? We conclude the answer is yes.

K.S.A. 60-241(a)(2) provides in part:

"[A]n action shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as the judge deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

We first analyzed and applied this statute in *Gideon v. Bo-Mar Homes, Inc.,* 205 Kan. 321, 469 P.2d 272 (1970). The syllabus of *Gideon* outlines many of the principles governing voluntary dismissals:

"Under K.S.A. 60-241(a)(2) . . . the power to dismiss an action at the plaintiff's instance upon terms and conditions imposed by the district court, although judicial, is discretionary in nature." Syl. ¶ 2.

"[I]n exercising judicial discretion for dismissal of an action at the instance of the plaintiff after the defendant's answer is filed, the district court should follow the traditional principle that dismissal will be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that the plaintiff may obtain some tactical advantage by such dismissal, or that the defendant may lose the defense of a period of limitation." Syl. ¶ 3.

"The terms and conditions which the district court may impose upon dismissal of an action at the instance of the plaintiff are for the protection of the substantive rights of the defendant, but a refusal to consider any equities of the plaintiff is a denial of a full and complete exercise of judicial discretion. The district court should weigh all the equities of the case and consider the rights of the parties and how they will be affected, and what benefits or injuries may result to the respective sides in the controversy if a dismissal is granted." Syl. ¶ 4.

"Upon appellate review by the supreme court, the inquiry whether the district

court abused its judicial discretion in denying a plaintiff's motion to dismiss his action without prejudice after defendant's answer is filed, is confined to whether the situation and the circumstances clearly show an abuse of discretion, that is, arbitrary action by failure to apply the appropriate equitable and legal principles to the established or conceded facts and circumstances." Syl. ¶ 5.

The Court of Appeals addressed voluntary dismissals of actions in which an intervenor has made a formal appearance in *Burke v. Schroth,* 4 Kan. App. 2d 13, 601 P. 2d 1172 (1979). In *Burke* an insurance company which participated in the district court as an active intervenor appealed an order of dismissal granted under K.S.A. 60-241(a)(2), arguing the dismissal prejudiced the company's right of subrogation. The Court of Appeals recognized that California has construed the term "defendant" in its dismissal statute to include an intervenor seeking affirmative relief, but noted that even under that interpretation an intervention that merely resists plaintiff's claim does not prevent a dismissal. The court held, therefore, an intervenor could secure relief from a trial court's dismissal order only if the intervenor had filed a claim for affirmative relief in the district court. In the instant case the commissioner of insurance did not intervene in the action although, by statute (K.S.A. 1984 Supp. 40-3411[b]), the attorney for the named defendants was also the attorney for the Fund. However, having been allowed to intervene on appeal and as our decision may affect the ultimate liability of the Fund, we will consider all arguments raised by the intervenor as well as the named defendants.

It is to be noted that K.S.A. 1984 Supp. 40-3409 makes no provision whatsoever that failure to serve the Fund in an initial case precludes doing so in a later action. The statute is clear, needs no construction and simply does not preclude the action taken here by plaintiff. The argument of the Fund that the statute applies only to the first action filed and precludes subsequent filing lacks any reasonable basis and is wholly without merit.

Defendants and the Fund contend they will suffer plain legal prejudice if plaintiff is allowed to file a second action and properly notify the Fund. Defendants' claim to prejudice is rather nebulous. Dr. Wertzberger complains of anguish he has suffered and both defendants complain of delay in the initial case. It is safe to say that all defendants suffer some degree of anguish but that hardly amounts to the legal prejudice required which would preclude the trial court from dismissing the action.

There has been no showing of prejudice based upon delay as discovery had not been completed and that which had may be utilized in the second action. In addition, the second action was filed within a matter of days after dismissal of this case. Finally, the fact that the Fund and the defendants might suffer less monetary damage due to plaintiff's failure to comply with the statute if the first case was not dismissed does not constitute the requisite legal prejudice. The arguments as to prejudice are without merit.

Lastly, did the trial court abuse its discretion? In support of its argument that the court abused its discretion the Fund contends its interests should have been considered by the court. The Fund did not intervene below and was not a party and the judge was not in error when he found that "[a]ny effect upon an insurer or the health care fund is irrelevant to this motion." However, as we have already indicated and giving full consideration to the effect on the Fund and the defendants' insurance carrier, we perceive no legal prejudice to them. In *State v. Pink*, 236 Kan. 715, 696 P.2d 358 (1985), this court reiterated the often-stated rule that:

"Discretion is abused only where no reasonable man would take the view adopted by the court; if reasonable men could differ as to the propriety of the action taken by the court, then it cannot be said the court abused the exercise of its discretion." 236 Kan. at 722.

We have carefully considered all arguments and issues raised and find no abuse of discretion by the trial court.

We conclude that as plaintiff immediately refiled her lawsuit and notified the Fund in accordance with K.S.A. 40-3409(a), the Fund and the defendants are subject to all the provisions of the statute in the second action. The first action was not improperly dismissed.

The judgment is affirmed.