(128 P.3d 409)
No. 94,425

DALE L. HOUSH and MITCHELL COUNTY, KANSAS, *Appellees*, v. KENNETH L. HAY and ERIC D. DUNSTAN, d/b/a ERIC DUNSTAN TRUCKING, *Appellants*.

Opinion filed February 17, 2006.

*Teresa L. Sittenauer* and *James P. Nordstrom*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, for appellants.

*Dustin J. Denning* and *Mickey W. Mosier*, of Clark, Mize & Linville, Chartered, of Salina, for appellees.

Before PIERRON, P.J., MARQUARDT and MALONE, JJ.

MALONE, J.: This is an interlocutory appeal from the district court's decision denying the defendants' summary judgment motion based upon the statute of limitations. There is no dispute that the plaintiffs' original petition was filed within the applicable stat-

ute of limitations. However, the original petition was never served on the defendants. Instead, after the statute of limitations had expired, the plaintiffs filed an amended petition which was served on the defendants within 90 days of the filing of the original petition. We agree with the district court that the amended petition related back to the original petition, and the lawsuit was commenced on the date the original petition was filed.

The facts giving rise to the tort claim are undisputed. On September 27, 2002, Kenneth L. Hay was driving a semi tractor-trailer owned by Eric D. Dunstan, d/b/a Eric Dunstan Trucking. Hay collided with a tractor mower driven by Dale L. Housh and owned by Mitchell County, Kansas.

On August 31, 2004, an attorney for Housh and Mitchell County (plaintiffs) spoke with an insurance claims representative for Hay and Dunstan (defendants) regarding settlement of the claims. The plaintiffs' attorney confirmed this conversation with a letter and requested that the insurance company contact him regarding a resolution of the matter. After receiving no reply, the attorney sent a second letter, on September 17, 2004, and indicated that a draft of the petition had been prepared and would need to be filed prior to the running of the statute of limitations.

On September 24, 2004, the plaintiffs filed suit against the defendants for negligence. On September 30, 2004, the plaintiffs' attorney was contacted by a new insurance claims representative for the defendants, who indicated that he would like to discuss settling the case before the defendants were served with process. The plaintiffs' attorney agreed to delay service pending settlement discussions. As of October 26, 2004, the parties were still involved in settlement negotiations.

In the meantime, the plaintiffs filed a first amended petition on October 1, 2004, beyond the statute of limitations. The amended petition was identical to the original petition except it added a claim against Dunstan for negligent entrustment. The parties to the lawsuit remained the same. When it became apparent that the claims would not be settled, Dunstan was served with the first amended petition on November 5, 2004. Hay was served with the first amended petition on November 29, 2004.

On February 3, 2005, the defendants moved for summary judgment on the basis that the plaintiffs' lawsuit was barred by the applicable statute of limitations. The defendants argued that the filing of the original petition did not commence the civil action because the original petition was never served. Further, according to the defendants, the amended petition was filed and served beyond the statute of limitations and did not relate back to the original petition.

The district court denied the motion, finding that the amended petition related back to the date of the original petition. Because the amended petition was served on the defendants within 90 days of the filing of the original petition, the district court found that the plaintiffs' lawsuit was timely commenced. The district court certified the matter for interlocutory appeal, which this court granted.

On appeal, the defendants again claim that the plaintiffs' lawsuit was barred by the applicable statute of limitations. The defendants argue that the amended petition, which was filed and served beyond the statute of limitations, could not relate back to the original petition because the original petition was never served on the defendants. According to the defendants, the lawsuit was not properly commenced until the amended petition was filed on October 1, 2004, beyond the applicable statute of limitations.

The plaintiffs argue that the amended petition arose out of the conduct, transaction, or occurrence set forth in the original petition and related back to the original petition pursuant to K.S.A. 60-215(c)(1). Because the amended petition was served on the defendants within 90 days of the filing of the original petition, the plaintiffs argue that the lawsuit was timely commenced pursuant to K.S.A. 60-203(a). In the alternative, the plaintiffs argue that they substantially complied with the service of process requirements; therefore, service of process should be considered valid pursuant to K.S.A. 60-203(b) and K.S.A. 60-204, notwithstanding some irregularity or omission in the original service of process. Finally, the plaintiffs argue that the defendants should be estopped from asserting the statute of limitations as a defense because the actions

of the defendants' insurance claims representative tolled the running of the statute of limitations.

This case involves statutory interpretation, which is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

The parties agree that the applicable statute of limitations for a negligence action is 2 years from the date of injury. K.S.A. 60-513(a)(4). Thus, the issue in this case is whether the plaintiffs commenced their lawsuit within 2 years of September 27, 2002. Resolution of this issue involves interpretation of K.S.A. 60-203 and K.S.A. 60-215 and the application of these statutes to the facts of this case.

Pursuant to K.S.A. 60-203(a), a civil action is commenced at the time a petition is filed, if service of process is obtained within 90 days thereafter or within 120 days upon court extension. Absent an extension, if service of process is not made within 90 days after the petition is filed, the action commences upon service of process.

K.S.A. 60-215(a) allows a party to file an amended pleading as a matter of right any time before a responsive pleading is served. K.S.A. 60-215(c)(1) provides that an amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading.

Here, the plaintiffs filed the original petition on September 24, 2004, before the statute of limitations expired. Under K.S.A. 60-203(a), the plaintiffs had at least 90 days to serve the defendants with process to commence the civil action on the date the petition was filed. Although the original petition was never served on the defendants, an amended petition was filed on October 1, 2004, which was served on the defendants within 90 days of the filing of the original petition.

There are no reported Kansas decisions with facts identical to those presented in this case. However, the plaintiffs have cited as persuasive authority this court's unpublished opinion in *Cooper v. Weigel*, No. 65,336, unpublished opinion filed April 5, 1991. In *Cooper*, the plaintiff filed a petition on December 18, 1989, alleg-

ing negligence against Weigel and other defendants that occurred beginning December 21, 1987. Although the plaintiff filed the original petition prior to the running of the statute of limitations, the plaintiff never served the defendants with the original petition within the 90-day statutory period. However, the plaintiff filed an amended petition on March 14, 1990, after the running of the statute of limitations. The amended petition asserted the same claim against Weigel as that set forth in the original petition, but it dropped the other defendants from the lawsuit. Weigel was served with the amended petition within 90 days of filing of the original petition. The district court dismissed the lawsuit as barred by the applicable statute of limitations.

This court reversed the district court and held the lawsuit was timely commenced. The court determined there is nothing in the language of K.S.A. 60-215 which requires service of the original petition as a prerequisite to the relation-back provision of the statute. The court found the amended petition related back to the date of the original petition and concluded:

"We perceive no reason to disregard [the filing of the original petition] and it is unquestioned that service of process and copy of the amended petition was effected within 90 days after December 18, 1989. By operation of K.S.A. 60-215(a) and K.S.A. 60-215(c), this action was commenced against Weigel on December 18, 1989, a date within the two years' limitation imposed by K.S.A. 60-513(a)(7)."

Also, in *Schlumpf v. Yellick*, 94 Wis. 2d 504, 288 N.W.2d 834 (1980), the Wisconsin Supreme Court was faced with similar facts. In *Schlumpf*, the plaintiff filed a petition and summons on February 15, 1977, alleging negligence against two defendants for injuries sustained on March 4, 1974. Although the petition and summons were filed within the applicable Wisconsin statute of limitations, the defendants were not served with the original pleadings. After the statute of limitations had run, the plaintiff filed an amended petition and summons on March 30, 1977. The amended petition named an additional defendant, but was otherwise identical in its allegations of negligence regarding the original defendants. The plaintiff served all three defendants within 60 days of the filing of the original petition. 94 Wis. 2d at 506.

Similar to Kansas, Wisconsin statutes provided that a civil action was commenced upon the filing of a petition and summons, as long as the copies were served upon the defendant within 60 days after filing the petition. See Wis. Stat. § 801.02 (1975). Additionally, a statute provided that if a claim asserted in an amended petition arose out of the conduct or occurrence set forth in the original petition, then the amended petition related back to the filing of the original petition. 94 Wis. 2d at 507-08; see Wis. Stat. § 801.09 (1978).

The *Schlumpf* court concluded that the amended petition related back to the original filing as to the initial two defendants, and that the action commenced upon the filing of the original petition and summons. 94 Wis. 2d at 508-09. The court held that the failure of the plaintiff to serve the original petition was not fatal to the commencement of the action and the tolling of the statute of limitations. 94 Wis. 2d at 509. The court noted that the primary function of service is to give notice to a party of the action, and concluded:

"When the defendants, Dr. Yellick and Dr. Linn, were served with the amended summons and complaint, they were fully apprised of the nature of the action against them and the general circumstances surrounding the allegations of negligence against them. No prejudice occurred to them when they failed to receive the original complaint because they were properly served with an amended complaint within sixty days of the filing of the original complaint." 94 Wis. 2d at 509.

We find the reasoning of the decisions in *Cooper* and *Schlumpf* to be persuasive. K.S.A. 60-215(c) provides that an amended pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the same occurrence set forth in the original pleading. As the court stated in *Cooper*, there is nothing in the language of K.S.A. 60-215 which requires service of the original pleading as a prerequisite to the relation-back provision of the statute. Likewise, K.S.A. 60-203(a) provides that a civil action is commenced at the time of filing a petition, if *service of process* is obtained within 90 days after the petition is filed. In describing the methods of service of process, K.S.A. 60-303(c)(2) refers to service of "a copy of the process and petition *or other document*." (Emphasis added.) Similarly, K.S.A. 60-303(d)(1)

refers to service of a "copy of the process and petition, *or other documents* to be served." (Emphasis added.) Thus, the term "process" is defined to include more than an original petition.

Applying these statutes to the facts of this case, we conclude the plaintiffs' amended petition filed on October 1, 2004, related back to the date of the original petition pursuant to K.S.A. 60-215(c)(1) because the amended petition arose out of the same occurrence set forth in the original petition. Furthermore, because process was served on the defendants within 90 days of the filing of the original petition, the lawsuit was commenced at the time the original petition was filed pursuant to K.S.A. 60-203(a). Requiring the plaintiffs to serve the original petition in addition to the amended petition would have been confusing and duplicative. The purpose of the service of process statutes had been satisfied with the service of the amended petition.

In summary, we conclude the plaintiffs' lawsuit against the defendants was commenced on September 24, 2004, the date the original petition was filed. Accordingly, the district court did not err in denying the defendants' summary judgment motion based upon the statute of limitations. We do not need to address the alternative arguments advanced by the plaintiffs concerning substantial compliance with service of process and estoppel.

Affirmed.