No. 94,120

LAURA SMITH, *Appellant,* v. BECKY GRAHAM, D.O., *Appellee.*

147 P.3d 859

Opinion filed December 8, 2006.

*Zackery E. Reynolds,* of The Reynolds Law Firm, P.A., of Fort Scott, argued the cause and was on the briefs for appellant.

*Daniel P. Hanson*, of Law Office of Daniel P. Hanson, of Overland Park, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Plaintiff Laura Smith filed a suit for damages against defendant Becky Graham, D.O., alleging negligent medical treatment. The district court granted Graham's motion to dismiss, finding that Smith's petition was not timely filed. Smith appealed; the Court of Appeals affirmed the trial court's determination that Smith's petition was filed outside the proper statute of limitations. This court granted Smith's petition for review and has jurisdiction under K.S.A. 20-3018(b).

The sole issue in this appeal is whether the statute of limitations for filing plaintiff's medical malpractice action was tolled by the operation of K.S.A. 65-4908.

On May 11, 1999, Graham performed a pelvic laparoscopy with adhesiolysis on Smith. During the procedure, Smith's sigmoid colon was lacerated. On April 24, 2001, Smith filed in the district court a "Memorandum Requesting Medical Malpractice Screening Panel," asking that a panel be convened to evaluate the quality of medical care provided by Graham. On April 8, 2002, Smith asked the district court to dismiss the screening panel as she intended to file a petition for medical negligence. The district court dismissed the screening panel for "GOOD CAUSE SHOWN." The court did not explain what constituted "good cause."

That same day, April 8, 2002, Smith filed a petition (the first petition) in the district court seeking damages in excess of $75,000 due to Graham's negligent treatment. Smith alleged that Graham negligently failed to convert to an open procedure when dense adhesions were noted, which caused or contributed to her injuries. Smith claimed pain and suffering, loss of income, and that she would incur further medical testing, hospitalizations, and surgical procedures due to Graham's negligence. Graham answered the petition, raising the expiration of the statute of limitations as an affirmative defense. She also filed a motion to dismiss on that same basis.

On July 19, 2002, while the first petition was pending, Smith filed a second medical negligence petition (the second petition) in district court. This petition is identical to the first petition except that it states that Smith filed a motion to dismiss the medical malpractice screening panel so she could file a petition for medical negligence. Smith has stated that the sole purpose of the second petition was to obtain service on the Health Care Stabilization Fund, which was inadvertently not served with the first petition. Conversely, the district court found no indication in the record as to Smith's reason for filing the second petition.

On January 6, 2003, the clerk of the district court notified Smith that the first petition would be dismissed on January 16, 2003, for lack of prosecution, unless good cause was shown to prevent the dismissal. Smith admits nothing was filed to prevent dismissal; the petition was dismissed on January 16, 2003. Likewise, on February 24, 2004, the clerk of the district court notified Smith that the second action would be dismissed on March 8, 2004, for lack of prosecution, unless good cause was shown. On March 9, 2004, the court dismissed the second petition. This order of dismissal is not contained in the record. According to the district court, the order reads, "Now on this 9th day of March 2004, the above-captioned matter comes on for dismissal. It is hereby ordered, adjourned [sic] and decreed that the above-captioned matter is hereby dismissed. IT IS SO ORDERED."

On September 3, 2004, Smith filed a third medical malpractice petition (the third petition). Smith claimed this action was permitted pursuant to K.S.A. 60-518 because the second petition was dismissed other than upon the merits. Otherwise, the petition was identical in content to the second petition. Graham answered the petition, raising the affirmative defense of the statute of limitations. She subsequently filed a motion to dismiss, arguing that Smith's petition was barred by the expiration of the 2-year statute of limitations set forth in K.S.A. 60-513(a)(7). She asserted that to toll the statute of limitations, K.S.A. 65-4908 requires that a screening panel actually be convened and the district court must notify the parties of that action.

The district court granted Graham's motion. The court found that one may not toll the statute of limitations "by simply running into court and filing a Memorandum Request for a Screening Panel and taking no further action." The court generally adopted Graham's supplemental memorandum. The court found to be a "huge and distinguishing difference" the fact that in *White v. VinZant,* 13 Kan. App. 2d 467, 773 P.2d 1169 (1989), there was an actual order convening the screening panel and designating the panel chairperson. The court further found that in making her argument, Smith "totally ignore[d]" the fact that the second petition was filed while the first petition was pending and had not yet failed other than on its merits.

Smith appealed. She argued that her third petition was timely filed because her request for a screening panel tolled the statute of limitations. She also asserted that her second petition was timely filed as it was filed while her first petition was pending. The Court of Appeals determined that the first clause of K.S.A. 65-4908, the tolling statute, makes the statute applicable only to "those cases before a screening panel." *Smith v. Graham,* No. 94,120, unpublished opinion filed March 10, 2006, slip op. at 5. Supreme Court Rule 142(a)(7) (2005 Kan. Ct. R. Annot. 209) and the court's holding in *White* both state that notification from a judge of the commencement of a panel is necessary to bring a case before a screening panel. Slip op. at 5. Since such did not occur in this case, the Court of Appeals held that the statute of limitations was not tolled. Slip op. at 5. Therefore, the Court of Appeals concluded that the first petition was filed outside the applicable statute of limitations and application of the 6-month savings statute found at K.S.A. 60-518 would not save the third petition. Slip op. at 5-6.

This court granted Smith's petition for review.

## DISCUSSION

Smith contends the district court erred in granting Graham's motion to dismiss because from the date she filed her request for a screening panel there was either a screening panel action or a lawsuit continuously on file or saved by K.S.A. 60-518. Graham counters that the third petition was not timely filed.

The interpretation and application of a statute of limitations is a question of law for which an appellate court's review is unlimited. *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1027, 58 P.3d 1284 (2002). Likewise, this court's review of conclusions of law is unlimited. *Dougan v. Rossville Drainage Dist.*, 270 Kan. 468, 472, 15 P.3d 338 (2000).

Smith first asserts that the Court of Appeals failed to follow the clear language of K.S.A. 65-4908, which states that the filing of a memorandum requesting the convening of a screening panel tolls the statute of limitations.

Medical negligence actions must be brought within 2 years of the date of injury or the date the injury becomes reasonably ascertainable to the injured party. K.S.A. 60-513(a)(7), (c). Smith learned of her injury on the date of her surgery—May 11, 1999. Thus, the statute of limitations on her claim would have expired on May 11, 2001.

Smith filed her Memorandum Requesting Medical Malpractice Screening Panel on April 24, 2001, within the 2-year statute of limitations period. She did not, however, file her first petition in district court until the dismissal of her screening panel request on April 8, 2002. At issue is the operation of the tolling provision for claims before a medical malpractice screening panel. K.S.A. 65-4908 provides:

*"In those cases before a screening panel which have not been formalized by filing a petition in a court of law,* the filing of a memorandum requesting the convening of a screening panel shall toll any applicable statute of limitations and such statute of limitations shall remain tolled until thirty (30) days after the screening panel has issued its written recommendations." (Emphasis added.)

Smith maintains that the first clause of the statute merely indicates that the tolling provision applies when a negligence petition has not been filed in the district court. Graham counters that the phrase "before a screening panel" limits the application of the tolling provision to "those cases before a screening panel" to insure that the screening panel has been properly convened and commenced before invoking the tolling protection.

Kansas case law concerning this provision is sparse. The factual scenario presented by this case raises an issue of first impression

in Kansas. A screening panel has been convened in those cases in which this court has addressed the tolling provision. See *See v. Hartley*, 257 Kan. 813, 822, 896 P.2d 1049 (1995) (holding that the 4-year time bar of K.S.A. 60-513[c] is subject to the savings provision of K.S.A. 60-518 and the tolling provision of K.S.A. 65-4908); *Lawless v. Cedar Vale Regional Hosp.*, 252 Kan. 1064, 1072-73, 850 P.2d 795 (1993) (finding the cause of action barred by the statute of limitations because it was not filed within 30 days of the issuance of the screening panel's recommendations); *Martindale v. Tenny*, 250 Kan. 621, 643, 829 P.2d 561 (1992) (finding that although the action was timely as to corporate defendants because it was filed within 30 days of the screening panel's opinion, amended petition filed almost 2 years later and naming Tenny as defendant did not relate back).

Further, numerous other jurisdictions have tolling statutes pertaining to medical malpractice screening panels. See Hawaii Rev. Stat. § 671-18 (2005 Supp.); Idaho Code § 6-1005 (2004); Me. Rev. Stat. Ann. tit. 24 § 2859 (2000); Mont. Code Ann. § 27-6-702 (2005); Neb. Rev. Stat. § 44-2844 (2004); Utah Code Ann. § 78-14-12(3)(a) (2002); Wyo. Stat. § 9-2-1518 (2005). However, research failed to reveal another state statute that contains the same disputed language as Kansas' tolling provision. Similar to K.S.A. 65-4908, all of the above enumerated statutes except Idaho Code § 6-1005 expressly condition the tolling of an applicable statute of limitations upon the filing of a claim requesting a screening panel or receipt of an application for review before a screening panel. Yet, research failed to reveal a comparable case from another jurisdiction where the application of the tolling provision was considered when a panel was never convened.

The interpretation of a statute is a question of law over which this court has unlimited review. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 374, 130 P.3d 560 (2006).

"The fundamental rule of statutory construction is to ascertain the legislature's intent. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary meanings. A statute should not be read to add language that is not found in it or to exclude language that is found in it. When a statute is plain and unambiguous, the court

must give effect to the legislature's intent as expressed rather than determining what the law should or should not be. [Citation omitted.]" *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

Here, Graham does not contend that K.S.A. 65-4908 is ambiguous. In her brief she relies on the holding in *White*, which she says was the result of the court interpreting the plain and ambiguous language of K.S.A. 65-4908. Thus, our task is to give effect to the legislative intent as expressed in 65-4908.

The Medical Malpractice Screening Panels Act, K.S.A. 65-4901 *et seq.*, was enacted to provide for the early resolution of many medical malpractice claims without the expense and delay of actual litigation. *Lawless*, 252 Kan. at 1070. In this case, the district court and Court of Appeals relied upon *White* in reaching their interpretation of K.S.A. 65-4908. In *White*, the plaintiff filed a request to appoint a medical malpractice screening panel. Thereafter, the court ordered that a screening panel be convened, but the parties did not designate health care providers or take any other action toward the convening of the panel. A little over a year after filing the request for the screening panel, the plaintiff filed a medical malpractice petition in the district court. The district court filed an order dismissing the medical malpractice screening panel proceedings. Subsequently, the defendants filed a motion to dismiss, arguing that the action was barred by the statute of limitations. The defendants argued that the statute of limitations was not tolled under K.S.A. 65-4908 because the plaintiff's claim was never "before a screening panel" as health care providers were not designated and medical evidence was not submitted. 13 Kan. App. 2d at 470. That is basically the argument made by Graham in the present case.

The *White* court rejected the defendant's argument, finding that the defendant was reading requirements into K.S.A. 65-4908 which were not there. The court further held:

"The tolling provision of K.S.A. 65-4908 provides in clear and unambiguous language that the filing of a memorandum requesting the convening of a screening panel stops the running of the applicable statute of limitations. The only express limitation on the duration of the tolling provision is that the statute of limitations will remain tolled until 30 days after the screening panel issues its

written recommendations. K.S.A. 65-4908. Additionally, K.S.A. 65-4908 limits the circumstances in which the tolling provision applies to those cases 'before a screening panel which have not been formalized by filing a petition in a court of law.' Obviously, tolling of the statute of limitations would not be necessary in those cases before a screening panel in which a petition has already been filed in district court." 13 Kan. App. 2d at 471-72.

The court further determined that the purpose of K.S.A. 65-4908 is to toll the applicable statute of limitations from the initiation of proceedings before a screening panel until 30 days after the conclusion of the proceedings, which in White's case was upon the district court's order of dismissal. 13 Kan. App. 2d at 474.

K.S.A. 65-4901 provides three scenarios in which a screening panel may be convened. First, when a medical malpractice petition is filed in district court, one of the parties to the action may file a memorandum requesting the convening of a screening panel. Second, when a medical malpractice petition is filed in district court, the district judge may convene a screening panel on his or her own motion. And third, when a medical malpractice claim for damages has not been formalized by the filing of a petition in district court, any party affected by such claim may file a memorandum requesting that a screening panel be convened. K.S.A. 65-4901.

This third scenario is that contemplated by the tolling statute. As the *White* court indicated, the tolling statute is inapplicable if a petition has already been filed in district court as tolling is not necessary. 13 Kan. App. 2d at 472. Thus, as Smith argues, the legislature's intent behind the first clause of 65-4908 was to indicate that the tolling provision applies to those cases in which screening panel proceedings are initiated prior to the filing of a petition in district court. By reading the first clause in its statutory context, the legislature was not intending to require the convening of a screening panel to toll a statute of limitations, but merely indicating the situation to which the tolling provision applies.

In *Roy v. Young*, 278 Kan. 244, 251, 93 P.3d 712 (2004), this court determined that the legislature's intent in framing K.S.A. 60-3509 as it did "was to toll the statute of limitations for cases that had not been filed in court because without a tolling mechanism the limitations period might well run during the pendency of the

screening panel procedure." *Young* was a legal malpractice suit where the district court determined the plaintiff's claims were time barred. The plaintiff filed a pro se negligence petition in district court; approximately 1 month later, the plaintiff filed a written request for a malpractice screening panel. The district court filed an order convening a screening panel and dismissed without prejudice the district court case. Approximately 2 years after the request, the malpractice screening panel filed its opinion. Less than 30 days later, the plaintiff filed a malpractice action in district court. However, the district court granted the defendant's motion for summary judgment, finding the action untimely.

Roy appealed. This court compared K.S.A. 60-3509, the tolling statute for professional malpractice actions, to K.S.A. 65-4908, finding that the provisions are, for all practical purposes, identical. 278 Kan. at 250. The court concluded: "With the limitations problem of the unfiled cases in mind, the legislature worded the statute to extend the limitations period where its running during the pendency of the screening panel procedure might bar a plaintiff's claim." 278 Kan. at 251. Construing together all the provisions pertaining to professional malpractice, this court found that the intent of the legislature in creating the screening panel procedure was to have claimants "submit their malpractice claims for resolution, or at least screening, without the expense and delay of litigation." 278 Kan. at 252. When a malpractice claim is not pending in district court, the legislature provided the tolling benefit of K.S.A. 60-3509 to preserve claims during the pendency of the screening panel procedure. 278 Kan. at 252. The court found that the plaintiff was entitled to the protection of the tolling provision. 278 Kan. at 253.

The facts of this case are considerably different from those in *Young*. However, the *Young* court's interpretation of the legislature's intent behind the tolling provision suggests that the first clause of the statute was only intended to delineate to which cases the tolling benefit applies. A plain reading of the statute reveals that the legislature required only the filing of a memorandum requesting the convening of a screening panel to toll an applicable statute of limitations. A statute should not be read to add language

that is not found within the statute. *Bryan*, 281 Kan. at 159. The statute does not specifically state that a screening panel must be convened for the tolling provision to apply. As previously stated, the first clause of the statute simply identifies the cases which are tolled.

Pursuant to K.S.A. 65-4901 and 65-4902, the members of a panel are to be appointed by the parties and district court within 10 days of the court's notice that a panel has been convened. The only difference between this case and *White* is that in *White*, the court ordered that the panel be convened. No further action in the screening panel proceedings occurred in *White*, *i.e.* health care providers making up the panel were not designated. Further, finding that the tolling provision becomes applicable upon the filing of a request is consistent with K.S.A. 60-203(a)(1), which states that a civil action is commenced upon the filing of a petition.

The district court in part based its decision upon the fact that Smith took no action toward having the screening panel convened. The court noted that Smith did not notify a Labette County district judge of her request for a screening panel. Graham states that it is "uncontroverted" that no notice of Smith's memorandum was provided to the district court judges and Smith failed to serve notice on the defendant. She argues that if the mere filing of a request were sufficient to toll a limitation, it would be possible for claimants to indefinitely toll a statute of limitations without notice to the court or opposing party.

We reject the rationale of the district court and Graham's argument. K.S.A. 65-4901 does not require that notice be given to the judge or an interested party when the memorandum is filed. K.S.A. 65-4901 provides that once the memorandum is filed, the judge of the district court *shall* convene a medical malpractice screening panel. Obviously, the filing of the memorandum is notice to the judge of the district court. Graham is reading requirements into K.S.A. 65-4908 which are not in the plain and unambiguous language of the statute.

Nor do we agree that Smith was required to take any action beyond filing the memorandum under K.S.A. 65-4901. K.S.A. 65-4908 is a tolling statute, and it is the filing of a memorandum

requesting the convening of a medical malpractice screening panel, not the convening of the screening panel, that tolls the applicable statute of limitations. To hold otherwise would be contrary to the plain and unambiguous language expressed in K.S.A. 65-4908. Smith's first petition was not barred by the statute of limitations. Thus, the district court and Court of Appeals erred in finding that Smith's first petition was time barred because a panel was not convened.

As stated above, the district court dismissed Smith's first petition on January 16, 2003, for lack of prosecution. Her second petition—filed July 19, 2002—was not filed within 30 days of the district court's dismissal of the screening panel. For that reason the tolling of the statute of limitations under K.S.A. 65-4908 does not save the second petition. Thus, we must determine whether the second petition "relates back" to the first petition, making the second petition timely.

K.S.A. 40-3409(a) provides that a plaintiff must serve a copy of a medical malpractice petition upon the board of governors when a health care provider is covered by the Kansas Health Care Stabilization Fund (the Fund). Smith states that it is "fairly obvious" that the first petition was dismissed because there was no service made upon the Fund. A certificate of service is not attached to either the first or second petition contained in the record. Smith contends that there is "ample authority" showing that she could have voluntarily dismissed the first action and subsequently refiled her second petition. Smith admits this was not the course of action followed by trial counsel but contends that there is no significant difference between the action taken here and the action permitted in *Smith v. Orthopaedic Surgery Assocs.*, 237 Kan. 546, 701 P.2d 331 (1985). Graham counters that the second lawsuit is barred because the second petition was filed outside the 30 days tolled by K.S.A. 65-4908 and there is no basis to relate the second petition back to the first petition.

K.S.A. 60-203(a)(1) states that a civil action is commenced at the time a petition is filed if service of process is obtained within 90 days or within 120 days upon extension by the court. If service of process is not made within the stated time frame, the action is

commenced at the time of service of process. K.S.A. 60-203(a)(2). K.S.A. 60-215(c)(1) provides that an "amendment of a pleading" relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth in the original pleading.

The Court of Appeals has held that the amendment of a pleading to obtain service upon a party relates back to the original filing date. *Housh v. Hay*, 35 Kan. App. 2d 100, 106, 128 P.3d 409 (2006). In *Housh*, the plaintiffs failed to serve their original petition on defendants; thereafter, they filed an amended petition after the statute of limitations had expired and served it on the defendants. The Court of Appeals held that the amended petition related back to the filing date of the original petition under 60-215(c) as it was served on defendants within 90 days of filing the original petition. 35 Kan. App. 2d at 106. Here, however, Smith did not file an amended pleading; rather, she filed an entirely new petition. Thus, although the second petition was largely identical to the first petition and arose out of the same transaction, there is no authority under K.S.A. 60-215(c)(1) to relate it back to the date Smith filed the first petition.

As stated, Smith asks this court to treat the difference between the course of action taken by the plaintiff in *Smith* and that taken by Smith in this case as a difference without a distinction. Unless otherwise specified, a dismissal under K.S.A. 60-241(a)(2) is without prejudice, leaving a plaintiff with the ability to file another lawsuit. In *Smith*, the plaintiff filed a medical malpractice suit but failed to serve a copy of her petition on the insurance commissioner of the Fund. Realizing her mistake, Smith filed a motion for an order of voluntary dismissal under K.S.A. 60-241(a)(2), in order that she might refile the action and comply with the notice requirement of K.S.A. 40-3409(a). The defendants objected, but the district court found that a refiling would not result in any legal prejudice to the defendants and granted the motion. Upon appeal, this court determined that the district court did not abuse its discretion in granting plaintiff's request under K.S.A. 60-241(a)(2). 237 Kan. at 548. The court cited *Gideon v. Bo-Mar Homes, Inc.*, 205 Kan. 321, Syl. ¶ 3, 469 P.2d 272 (1970):

" '[I]n exercising judicial discretion for dismissal of an action at the instance of the plaintiff after the defendant's answer is filed, the district court should follow the traditional principle that dismissal will be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that the plaintiff may obtain some tactical advantage by such dismissal, *or that the defendant may lose the defense of a period of limitation.*' " (Emphasis added.) 237 Kan. at 548.

The court concluded that K.S.A. 40-3409 contains no provision prohibiting a party from serving the Fund in a later action. 237 Kan. at 549. The court found no showing of legal prejudice, specifically denying the argument that the Fund and defendants might suffer less monetary damage if the plaintiff was not permitted to refile her action. 237 Kan. at 550.

Based upon *Smith v. Orthopaedic Surgery Assocs.*, Smith could have filed a motion to dismiss the first petition and then refiled her action to obtain service on the Fund. If she had done so, the running of the statute of limitations would not have been a viable defense for Graham. Graham has failed to show any legal prejudice, beyond losing the limitation defense, suffered by the filing of the second petition. Graham has not argued that she was not served notice of the second petition. Moreover, according to the district court, Graham answered the second petition and, although she raised the statute of limitations as an affirmative defense, she did not file a motion to dismiss the second petition. Likewise, the district court took action on the second petition—the court found evidence of some written discovery, Graham filed a motion for extension of time to designate expert witnesses, and the court conducted a discovery conference and scheduled the case for pretrial conference.

Graham contends that because Smith did not attempt to amend or dismiss the first lawsuit prior to filing the second petition, the second petition is a "separately filed claim" and does not relate back to the filing date of the first petition. Graham cites three federal cases in support of her assertion. *Barr v. United States*, 1999 WL 314634 (10th Cir. 1999) (unpublished opinion); *Benge v. United States*, 17 F.3d 1286 (10th Cir. 1994); *Pipkin v. U.S. Postal Service*, 951 F.2d 272 (10th Cir. 1991). In all three cases,

the plaintiffs voluntarily dismissed a timely filed petition before filing a second petition after the expiration of a limitation period. The Tenth Circuit Court of Appeals rejected the plaintiffs' claims that the filing of the second complaint should relate back to the filing of the first complaint, finding that, unlike an amendment, a separately filed claim does not relate back to a previously filed claim. 17 F.3d at 1288. In so doing, the court held that the state statute of limitations savings statute did not enlarge the filing period as the state statute did not apply to federal claims. 17 F.3d at 1288.

Conversely, K.S.A. 60-518 could have been applied to save Smith's second petition. K.S.A. 60-518 provides: "If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure." "It saves an action that was originally timely filed, *dismissed,* and then refiled within 6 months of dismissal regardless of whether the limitation period had expired in the meantime." (Emphasis added.) *Young,* 278 Kan. at 249. However, regardless of the action Smith could have taken, the fact remains that Smith filed her second petition as a new action while the first petition was pending. Therefore, her second petition cannot be saved by K.S.A. 60-518. *Cf. See v. Hartley,* 257 Kan. at 823 (finding the action timely when plaintiff filed the memorandum requesting a screening panel within 2 years of injury, filed a petition in district court within 30 days of the panel's recommendation, voluntarily dismissed that action, and then filed a new petition that was saved by K.S.A. 60-518).

Moreover, finding Smith's second petition timely would be extremely lenient given the fact that Smith failed to prosecute her first two petitions. According to the district court, a pretrial conference was never held on the second petition; the next entry in the court file was the clerk's Notice of Dismissal. Smith does not claim to have responded to the notice or that she attempted to prevent the dismissal. As noted, the court dismissed the second action on March 9, 2004, for lack of prosecution.

In sum, Smith did not amend her pleading to obtain service on the Fund or voluntarily dismiss her first petition and file a new petition. She filed a completely new action, albeit an action identical to her pending action. Under K.S.A. 60-203(a)(1) the second action was commenced on the date Smith filed her second petition—July 29, 2002—well beyond the 30 days tolled by K.S.A. 65-4908. Therefore, her second petition was barred by the statute of limitations. Moreover, Smith took no action on either of her first two petitions. A party may not sit idly by and fail to prosecute an action. Because Smith's second petition was untimely, her third petition, which was filed within 6 months of the dismissal of the second action but not within 6 months of the dismissal of the first action, cannot be deemed timely.

This case is a procedural quagmire. Smith acknowledges that it was "an awkward method to use." Nevertheless, the district court and Court of Appeals misinterpreted K.S.A. 65-4908 in finding Smith's first petition untimely. Thus, her first petition was filed within the statute of limitations. However, Smith failed to prosecute the first petition and it was dismissed by the district court. Her second petition was filed well beyond the 30 days tolled by K.S.A. 65-4908 and well past the 2-year statute of limitations under K.S.A. 60-513(a)(7). As such, her second petition was untimely. Therefore, her third petition cannot be saved by the savings statute, and the district court did not err in granting Graham's motion to dismiss. "If a trial court reaches the right result, its decision will be upheld even though the trial court relied upon the wrong ground or assigned erroneous reasons for its decision." *Rose v. Via Christi Health System, Inc.*, 279 Kan. 523, 525, 113 P.3d 241 (2005).

Affirmed.

LUCKERT, J., not participating.

LOCKETT, J., Retired, assigned.