Alok Ahuja, Judge, dissenting.
I respectfully dissent.
Appellants Eugene Brooks Lilly and Shannon Lilly filed two lawsuits in the Circuit Court of Jackson County, making identical claims against Respondents Daniel D. Owen and Polsinelli PC. The Lillys filed the second action because they believed it would not be subject to a limitations defense which Owen and Polsinelli have asserted against the Lillys' first-filed Missouri action. The circuit court dismissed the second-filed suit under the abatement doctrine, based on the pendency of the prior case. I believe we have appellate jurisdiction to review the dismissal ruling, even though it is denominated as "without prejudice." On the merits, I believe the circuit court erred in dismissing the second suit, when it was filed to avoid a limitations defense to which the Lillys' first-filed action was potentially subject. The second action was not the sort of oppressive or vexatious lawsuit the abatement doctrine is intended to address, particularly since any burden the second action imposed on Owen and Polsinelli could be avoided by consolidating it with the first suit, or staying the second suit until the first was resolved.
I.
Appellants Eugene Brooks Lilly and his daughter Shannon Lilly are former clients of attorney Daniel D. Owen and the law firm at which he practices, Polsinelli PC. The Lillys have asserted claims of professional negligence, breach of fiduciary duty, and fraud against Owen and Polsinelli. The Lillys initially asserted these claims against Owen and Polsinelli in a lawsuit filed in the Johnson County (Kansas) District Court on May 29, 2014. They later filed an action raising similar claims in the Circuit Court of Jackson County (Missouri) on June 25, 2015 ("Polsinelli I "). Following the filing of their Jackson County action, the Lillys moved to dismiss their Kansas action on July 14, 2015. The Johnson County District Court granted the motion, and dismissed the Lillys' Kansas petition without prejudice on October 8, 2015.
Owen and Polsinelli have filed a motion for summary judgment in Polsinelli I , in which they allege that the Lillys' claims are time-barred. Owen and Polsinelli argue that the Lillys' claims are subject to the two-year statute of limitations found in K.S.A. § 60-513 ; that their causes of action "accrued in August or October 2012"; and that the filing of Polsinelli I on June 25, 2015 accordingly came too late.
*568 Importantly, under the arguments made by Owen and Polsinelli, it appears that the Lillys' original Kansas action would be considered timely, since it was filed within two years of when Owen and Polsinelli contend that the claims accrued. Kansas has a "savings statute," K.S.A. § 60-518, which allows a plaintiff to file what would otherwise be a time-barred action, if it is filed "within six (6) months after" the dismissal of an earlier, timely action. In the suggestions in support of their summary judgment motion, Owen and Polsinelli argue that Polsinelli I cannot be saved by § 60-518, because it was filed before the Kansas action was dismissed. According to Owen and Polsinelli:
If a plaintiff files a second petition as a new action while the plaintiff's first petition is pending-like the Plaintiffs did here-the plaintiff's second petition cannot be saved by the Kansas savings statute. [citing Smith v. Graham , 282 Kan. 651, 664, 147 P.3d 859, 868 (2006).] The Kansas Supreme Court is the final arbiter on interpreting the Kansas saving statute and has held that "[Plaintiff] filed her second petition as a new action while the first petition was pending. Therefore, her second petition cannot be saved by K.S.A. 60-518." Smith , 282 Kan. at 664, 147 P.3d 859. Other courts interpreting savings statutes with similar language have reached the same conclusion. See , e.g. Cook v. G.D. Searle & Co. , 759 F.2d 800, 802 (10th Cir. 1985) ("[S]ince the plaintiff commenced her second action before the Iowa suit was dismissed ... she could not utilize the extension in time offered by the [Colorado savings] statute"); Graziano v. Pennell , 371 F.2d 761, 763 (2d Cir. 1967) ("[T]he saving statute can never apply when a timely action is pending").
The Lillys filed their second Missouri action, Polsinelli II , in the Circuit Court of Jackson County on February 24, 2016-which happens to be "within six (6) months after " the dismissal of their earlier Kansas action. K.S.A. § 60-518 (emphasis added). Thus, Polsinelli II would appear not to be subject to the limitations arguments which Owen and Polsinelli have directed against Polsinelli I. The substantive claims asserted in Polsinelli I and Polsinelli II are identical.
Polsinelli I and Polsinelli II were pending in the same division of the circuit court. The Lillys moved to consolidate the two actions. In their Motion to Consolidate, the Lillys explained that they had filed Polsinelli II "out of an abundance of caution," to guard against the statute of limitations defense Owen and Polsinelli had asserted in Polsinelli I. The Lillys argued that, because the allegations made in Polsinelli I and Polsinelli II are identical,
It is a waste of judicial resources for the two actions to not be consolidated. A single scheduling conference, a single scheduling order, a single shot at discovery, a single trial, etc., is all that is necessary and warranted.
Owen and Polsinelli moved to dismiss Polsinelli II based on the abatement doctrine. The circuit court granted that motion and dismissed Polsinelli II without prejudice; it denied the Lillys' motion to consolidate the two cases as moot.
II.
The majority holds that this Court lacks appellate jurisdiction over the Lillys' appeal, because the circuit court's dismissal of Polsinelli II was denominated as a dismissal "without prejudice." I disagree.
According to Chromalloy Am. Corp. v. Elyria Foundry Co. , 955 S.W.2d 1, 3 (Mo. banc 1997), the "general rule" is that dismissals without prejudice are not appealable, because the judgment is not final. The Supreme Court has more recently expressed skepticism as to whether this *569 "general rule" ever existed; it also recognized that the "general rule" is subject to significant exceptions.
It is unclear to what extent, if any, this "general rule" ever was followed. Over time, however, exceptions seemed to have swallowed all or nearly all of whatever rule once might have existed.
Naylor Senior Citizens Hous., LP v. Side Const. Co. , 423 S.W.3d 238, 242 (Mo. banc 2014).
The "general rule" prohibiting appeals from dismissals without prejudice is justified with the observation that, "[i]n a case of a dismissal without prejudice, a plaintiff typically can cure the dismissal by filing another suit in the same court." New England Carpenters Pension Fund v. Haffner , 391 S.W.3d 453, 459 n.6 (Mo. App. S.D. 2012) (citations and internal quotation marks omitted). Thus, Chromalloy explains that "a dismissal without prejudice that a plaintiff may cure by filing another suit in the same court is not a final judgment from which an appeal may be taken." 955 S.W.2d at 4. On the other hand, we have held that a dismissal without prejudice is appealable if "it would be futile for [the plaintiff] to attempt to refile her petition in its original form." McGaw v. McGaw , 468 S.W.3d 435, 439 n.5 (Mo. App. W.D. 2015).
In this case, the Lillys cannot "cure the dismissal by filing another suit in the same court." Haffner , 391 S.W.3d at 459 n.6. On the contrary, "it would be futile for [them] to attempt to refile [their] petition in its original form," McGaw , 468 S.W.3d at 439 n.5, because the circuit court would dismiss any new petition for precisely the same reasons that the court dismissed Polsinelli II : that it was subject to abatement due to the pendency of another identical action. Given that the Lillys cannot simply refile their petition in Polsinelli II , the dismissal of that petition is immediately appealable, even though denominated "without prejudice." I am unaware of any case holding that we lack appellate jurisdiction over a dismissal without prejudice based on the abatement doctrine, and the majority cites none.[8]
The dismissal without prejudice is appealable for an additional, separate reason. Missouri caselaw holds that a dismissal without prejudice is appealable if "the dismissal has the practical effect of terminating the litigation in the form cast." Chromalloy , 955 S.W.2d at 3. Prior cases have held that a plaintiff has been denied his ability to prosecute an action "in the form cast" where the plaintiff's only option is to sue in another forum,[9] and where the dismissal " 'was based on a plaintiff's lack of standing or failure of the petition to state a claim where the plaintiff chose not to plead further.' " McGaw , 468 S.W.3d at 439 n.5.
Here, the Lillys filed Polsinelli II within the six months following the dismissal without prejudice of their Kansas lawsuit, to take advantage of the savings provision found in K.S.A. § 60-518. The Lillys have "cast" Polsinelli II as an action filed within a particular six-month window, for a specific legal reason. The circuit court's dismissal has denied them an opportunity to pursue an action filed within that critical window of time. The Lillys are entitled to *570 appeal the circuit court's denial of their ability to pursue their suit in the form in which they chose to cast it.[10]
III.
On the merits, I believe the circuit court erred in dismissing Polsinelli II , when the Lillys were pursuing the action to respond to a potential defect in Polsinelli I , and Owen and Polsinelli would not suffer any prejudice which could not be addressed by consolidation of the cases, or a stay of proceedings in Polsinelli II.
Abatement, also known as the "pending action doctrine," holds that where a claim involves the same subject matter and parties as a previously filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed. The pendency of a prior action is not ground for dismissal with prejudice, but ground only to stay or abate the later action.
Sherman v. Missouri Professionals Mut.-Physicians Prof'l Indem. Ass'n , 516 S.W.3d 867, 869-70 (Mo. App. W.D. 2017) (citations and internal quotation marks omitted).
Almost 150 years ago, the Missouri Supreme Court emphasized that the abatement doctrine is intended to shield defendants from "vexatious and oppressive" litigation, and that-if the second suit is not in fact "vexatious and oppressive"-then the abatement doctrine should not apply.
The ground on which courts proceed in the abatement of subsequent suits is that they are unnecessary, and are therefore deemed vexatious and oppressive. But the modern practice is not to infer, as matter of law, that the subsequent suit is vexatious and unnecessary, from the mere fact of the pendency of a prior suit between the same parties, founded on the same cause of action, but to proceed, upon inquiry, into the actual circumstances of the two cases, and then determine, as a matter of fact, whether the subsequent suit is unnecessary and vexatious. The inquiry, then, is, whether this proceeding is in fact vexatious and unnecessary. Is the [plaintiff]'s remedy full and effectual by the first process?
State ex rel. Craig v. Dougherty , 45 Mo. 294, 297-98 (1870) (emphasis added) (quoted in Dillard v. Owens , 122 S.W.2d 76, 80 (Mo. App. 1938) ).
Polsinelli II is not a "vexatious and unnecessary" successive suit; by filing it, the Lillys have "not sought needlessly to harass [Owen and Polsinelli] with a second suit." Rodney v. Gibbs , 184 Mo. 1, 82 S.W. 187, 189 (Mo. 1904). Instead, the Lillys filed Polsinelli II in "an abundance of caution," to ensure that they preserved every possible response to the statute of limitations defense which Owen and Polsinelli have asserted. Indeed, Owen and Polsinelli are currently arguing that Polsinelli I is subject to a time bar, and therefore subject to dismissal, for a reason which does not apply to Polsinelli II -namely, that Polsinelli I was filed before the dismissal of the Kansas action, and therefore is not entitled to the benefit of the Kansas savings statute. I see no reason to deny the Lillys the ability to defend themselves as they choose against the limitations arguments their opponents are asserting.
*571 As a general rule, if for any reason a prior pending action is so defective that there can be no recovery therein or no such effectual recovery or relief as is sought and obtainable in a second action, the prior action is not a ground for abating the subsequent one.
1 C.J.S., Abatement and Revival § 65, at 86 (2005). The New Hampshire Supreme Court relied on the potential defects in an earlier suit to reverse the dismissal of a later suit on abatement grounds in Adams v. Sullivan , 110 N.H. 101, 261 A.2d 273, 276 (N.H. 1970). The Court explained:
Where it is doubtful whether plaintiff can secure his rights in the original suit, justice does not necessarily require abatement of the second suit for the same cause of action and by consolidation of suits or some other convenient procedure the rights of both parties may be protected and afford them an opportunity to litigate the merits of the controversy.
Id. at 276.
Polsinelli I is subject to a potentially fatal defect, from which Polsinelli II does not suffer. In addition, I have trouble conceiving of any prejudice which Owen and Polsinelli would suffer if Polsinelli II were left pending, particularly since mechanisms like consolidation, or stay of the second action, would be available.[11] It is no response to say that the Lillys could have re-filed their action in Kansas, since they obviously desire to litigate their case in Missouri, and generally "a plaintiff's choice of forum is not to be disturbed except for 'weighty reasons.' " State ex rel. Wyeth v. Grady , 262 S.W.3d 216, 220 (Mo. banc 2008) (citations and internal quotation marks omitted). Abatement should not apply.
Given that Lilly identified a good-faith basis for prosecution of Polsinelli II , and explained how Polsinelli II was differently situated from Polsinelli I , I would hold that the circuit court abused its discretion in dismissing Polsinelli II without prejudice, particularly where it could avoid any burden on the defendant by staying Polsinelli II , or consolidating it with the first case.
The judgment of the circuit court should be reversed.

In at least one prior case, this Court reviewed a dismissal without prejudice based on abatement, without any suggestion that the Court lacked jurisdiction to do so. See Shelter Mut. Ins. Co. v. Marquis , 110 S.W.3d 839 (Mo. App. E.D. 2003).

See , e.g. , Burgett v. Thomas , 509 S.W.3d 840, 843 n.3 (Mo. App. W.D. 2017) (appellate jurisdiction exists where dismissal without prejudice has the effect of terminating the litigation in the plaintiff's chosen forum); Roberts Holdings, Inc. v. Becca's Barkery, Inc. , 423 S.W.3d 920, 927 (Mo. App. S.D. 2014) (same).

The majority contends that I am improperly raising new jurisdictional arguments on the Lillys' behalf. The jurisdictional issue was raised by Owen and Polsinelli, not by the Lillys; we would have the obligation to address the issue on our own motion anyway. See , e.g. , Fannie Mae v. Truong , 361 S.W.3d 400, 403 (Mo. banc 2012). I believe it is our duty to decide the jurisdictional issue correctly , whatever arguments the Lillys may-or may not-have made in response.

The majority suggests that Owen and Polsinelli face "inherent prejudice" if Polsinelli II remains pending, because they face the prospect that "the time and resources [they] expended" litigating the case will "all [be] for naught." Even if the dismissal of Polsinelli II is reversed, however, Owen and Polsinelli will only be required to litigate the merits of the controversy once. Either that litigation will occur in a consolidated case (with two docket numbers), or it will occur in Polsinelli I while Polsinelli II is stayed (in which case the result in Polsinelli I would be preclusive in Polsinelli II ). I do not perceive any "inherent prejudice."